JANVIER, Judge.
Maison Blanche Company operates several stores in New Orleans and the surrounding area, one of them on Canal Street at the corner of Dauphine. In this store there is an escalator or moving stairway which transports customers up and down between the floors from the first to the fifth.
On March 19th, 1964 Mrs. Nelville Theard, accompanied by her five children ranging in age from 16 to 3 years and two weeks, entered the store for the purpose of exchanging shoes which she had previously purchased from that store.
They entered the escalator and while they were on that section which is between the second and third floors, the youngest child, David, 3 years and two weeks old, fell not from the escalator to the floor below but merely on the step on which he was standing or to the next step — the exact step on which he fell was not made certain. He sustained a serious cut to the little finger of the left hand.
Alleging that the accident was caused by the defective condition of the escalator and the failure of the Maison Blanche Company to maintain and operate it safely so that it could be used by children of all ages and by the failure of that company to post warnings of danger in the use of the escalator, Mr. and Mrs. Theard brought this suit to recover on their own behalf and for the use and benefit of their young son.
They also alleged that the escalator had been installed and was being maintained by Otis Elevator Company under contract with the Maison Blanche Company and that that company had been at fault in installing a defective escalator and in not maintaining it in safe condition and therefore plaintiffs made Otis Elevator Company a defendant. They also alleged that Maison Blanche had obtained liability insurance from Travelers Insurance Company and by direct action made that company also a party defendant.
They prayed for judgments as follows:
Mrs. Theard $ 5,000.00
Mr. Theard $ 5,000.00
For the use and benefit
of their young son $56,500.00
Otis Elevator Company answered first denying that there had been any defect in the escalator either in its manufacture, installation or maintenance and in the alternative should any fault be found that was attributable to that company, they allege *415 the true cause of the fall was in Mrs. Theard’s not controlling her very young child or in failing to carry him or hold his hand to prevent his falling.
Travelers Insurance Company answered denying all allegations which charged fault on the part of Maison Blanche Company, and, in the alternative, averring that Mrs. Theard was guilty of contributory negligence in not taking proper care of the child, and, as third party plaintiff, alleging that if it should be held that for any reason it was liable to plaintiffs, it should recover by third party judgment against Otis Elevator,Company since it had installed the escalator and, under contract, was maintaining it for Maison Blanche Company, the insured of Travelers Insurance Company.
Maison Blanche denied negligence or that it was at fault, and, in the alternative, averred that, should it be held to have been at fault in any way, the true cause of the accident was the contributory negligence of the mother of the child in not properly exercising care over him.
Then as third party plaintiff, Maison Blanche Company adopted all of the allegations made by its insurer, Travelers Insurance Company, in its third party petition against Otis Elevator Company and prayed that if any judgment be rendered against it in favor of the plaintiffs or any of them, it have third party judgment for the same amount against Otis Elevator Company.
After a trial there was judgment dismissing the suit in its entirety and plaintiffs have appealed.
At the outset it is well to state that plaintiffs made no effort to show what had been the cause of the fall of the child but relied entirely on their contention that the doctrine of res ipsa loquitur is applicable, and, since there admittedly had been an accident, the burden lay upon the defendants to show freedom from fault.
On this question the Trial Judge said:
“The Court does not find that the doctrine of res ipsa loquitur applies to the facts of the instant case as there was no proof of any unusual occurrence or other defect in the mechanism or operation of the escalator. See Vallette v. Maison Blanche Co., La.App., 29 So.2d 528. Even if the doctrine of res ipsa loquitur were applicable, defendants have successfully met the burden of exculpating themselves from any presumption of negligence. Furthermore, plaintiffs have failed to prove any act of negligence on the part of defendants.
“For the foregoing reasons, the Court has rendered judgment in favor of defendants, Maison Blanche Company, Otis Elevator Company and Travelers Insurance Company, and against plaintiffs, Nelville Theard, individually and on behalf of his minor child, David Theard, and Mrs. Mary Dee Theard, dismissing the plaintiffs’ suit at their cost.”
Except for the fact that the child fell, there is not one word which would in any way indicate any fault in the escalator or its operation or design. The only evidence is given by the mother and she states there was no jolt, no sudden stop or start except that the boy fell, and she is not sure whether he fell on the step on which he was standing or the step ahead.
In her deposition taken before the trial she makes no effort to point out anything unusual about the escalator.
“Q. You did not lurch forward, did you ?
A. No, I didn’t.
Q. You don’t know of any defect, or anything wrong with the escalator that exhibited itself there, do you ?
A. No.
Q. You didn’t feel any jerking?
A. Not as far as I can remember.
Q. You didn’t feel any bumping?
A. I don’t recall, I mean, I really don’t recall any.
*416 Q. The escalator didn’t suddenly stop?
A. No, it didn’t stop.
Q. It didn’t speed up, did it?
A. I couldn’t swear to that, I really wasn’t looking or paying attention to the escalator when riding, I was just riding.
Q. You were there, you didn’t feel anything that would indicate to you that this escalator speeded up forward, or an upward motion, did you?
A. Not as far as I can remember, no.
Q. Do you know what caused your son to fall?
A. No.”
The record shows that no repairs were made to the escalator and that the Otis Elevator Company was never called until the next regular inspection day. In Vallette v. Maison Blanche Co., La.App., 29 So.2d 528 we considered a situation almost unbelievably similar to that which is here presented by the contention that the doctrine of res ipsa loquitur is applicable and that there is liability since the defendants have not shown just what caused the accident and that they therefore have failed to show that there was no fault in the operation of the escalator or its design. In that case our predecessor Court held that the doctrine of res ipsa loquitur relied upon was not made applicable just because there was an accident and that it does not apply unless there has been some unusual occurrence which must be explained. There we held that the liability of the operator of the escalator is not identical with the liability that is placed upon common carriers but we said:
“ * * * it is settled in Louisiana that the operator of such an elevator is under obligations similar in many respects to those imposed by law upon common carriers * * * ”
To this extent we agree with plaintiff that the doctrine of res ipsa loquitur should be considered, but that it can be applicable only when it is shown that there was some unusual occurrence which must be explained. For instance we said:
“But even where the doctrine of res ipsa loquitur is to be applied there must first be proof of an unusual occurrence such as a jolt or a jar. It is true that the plaintiff need not show the cause of the jolt but she must show more than merely that she fell while being transported. She must show that her fall was caused by a jolt.”
Plaintiffs, on behalf of their minor child, have cited numerous cases involving liability of common carriers and other defendants who might be placed under the necessity of proving absence from negligence, but in every one of these cases the accident resulted from an unusual occurrence.
For instance where there is an explosion, obviously there must be an explanation for what caused such unusual occurrence. Many of the cases cited involved automobile accidents and, of course, when there is such an unusual occurrence, there must be an explanation.
We particularly note the decision in Gaines v. Baton Rouge Bus Company, La.App., 175 So.2d 719, in which a passenger on a public bus sustained injury as a result of falling on the rear exit step. -It was contended that because of the application of the doctrine of res ipsa loquitur the defendant should be called upon to prove that there was no negligence on the part of the operator of the bus. There the Court said that it might constitute negligence to show that a car or bus had been operated in a careless manner and if so the doctrine might be applicable.
“ * * * However, in order that the above rule may apply, the jerk or jolt must be unnecessary or unusually sudden or violent; such jerks and jars as are *417 necessarily incident to the use of the conveyance, and are not the result of negligence, will not render the carrier liable for resulting injuries. * * * ”
Plaintiffs place great reliance in Mire v. Lafourche Parish School Board, La., 62 So.2d 541, in which the driver of a school bus stopped to allow a great number of school children to leave its bus and to walk across the street. One of the children was struck by a vehicle. The Court held that the driver was negligent in not taking care to see the child safely across the street. We do not see that this decision has the slightest application here.
Counsel for plaintiffs point to the fact that the escalator in question had been erected in 1948 and that newer models have been developed since and that therefore it must be assumed that there were defects in the older models and that it was such a defect which caused this accident.
If there had been any unusual occurrence such as a sudden stop or a jolt or a sudden increase in speed it would not have been difficult to ascribe such an occurrence to the older condition of the machine. But without the slightest evidence of any such unusual happening the mere fact that newer models have come into being does not justify the conclusion that the age of the machine played any part in this accident.
Counsel also argue that since according to them, escalators are so extremely dangerous, attendants should be provided to attend very young children. It is shown that there are signs posted which notify the users that there are hand rails which should be made use of. We do not see that anything more should be required especially since such young children should be accompanied by older persons who should hold their hands or make sure that they do not attempt to move up and down on the stairs of the moving escalator.
In their brief counsel for plaintiffs say:
“Certainly, nothing short of an explosion of dynamite can be nearer than the danger inherent in riding on an escalator when proper protection is not given to children of tender years as in the case of plaintiff’s child.”
While we cannot agree that there is such grave danger involved we feel that the care which counsel suggest should come from the older person on whose care the younger person should depend.
To sum up the entire situation, we find nothing wrong with the escalator nor the operation and maintenance thereof. There was no unusual occurrence, no jolt, no jar, no sudden stop or start. Under those circumstances, the defendants are not obligated to prove what caused the boy to fall.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.