278 So.2d 149 (1973)
Gerard C. TARANTINO
v.
CITY STORES COMPANY (MAISON BLANCHE DIVISION) et al.
No. 5379.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1973.
Rehearing Denied June 5, 1973.
Writ Refused August 17, 1973.
*150 Kronlage, Dittmann & Caswell, Albert S. Dittmann, Jr., New Orleans, for plaintiff-appellee.
Bruce J. Borrello, New Orleans, for Westinghouse Electric Corporation and Liberty Mut. Ins. Co., defendants-appellants.
Before SAMUEL, STOULIG, and BOUTALL, JJ.
STOULIG, Judge.
This is a suit brought by Gerard C. Tarantino, individually and on behalf of his minor daughter, Anne Marie Tarantino, who was injured while riding the escalator in a Maison Blanche department store. Made defendants were City Stores Company (Maison Blanche Division); its insurer, The Travelers Insurance Company; and Westinghouse Electric Corporation ("Westinghouse") and its insurer, Liberty Mutual Insurance Company. Based upon a jury verdict, a judgment of $6,050 was rendered against Westinghouse and Liberty Mutual Insurance Company, from which they have appealed. Suit was dismissed as to the remaining defendants. Appellee has answered the appeal requesting an increase in the quantum of damages.
Appellants seek reversal of the judgment on the basis that the jury's verdict was manifestly erroneous and the failure of the trial judge to acknowledge this fact by the granting of a new trial. Alternatively, it is urged that the damages assessed are grossly excessive.
The relevant facts are that the plaintiff and his wife accompanied by their three-year-old daughter, Anne Marie Tarantino, were on the descending escalator in a Maison Blanche store. The child was standing on the same step as her mother, who was holding her by the hand. As the escalator neared the floor level, Anne Marie fell and the back of her right hand and wrist became lodged in the escalator's grating or toothcomb plate, causing multiple lacerations.
Appellants submit that in view of the circumstances that both the parents testified there was no unusual occurrence in the movement of the escalator and they were unable to account for the cause of Anne Marie's fall, under the jurisprudence expressed by this court in the cases of Cannon v. D. H. Holmes, Ltd., 274 So.2d 799 (1973); Theard v. Travelers Insurance Company, La.App., 208 So.2d 413 (1968); and Vallette v. Maison Blanche, La.App., 29 So.2d 528 (1948), the evidentiary doctrine of res ipsa loquitur is not applicable.
The above argument is valid as it relates to the factual aspect of the cause of the fall; however, it is the plaintiff's position that the particular type of injury sustained by the child was attributable exclusively to improper maintenance of the equipment and not by the fall itself. More specifically, the injury was caused by an improper alignment of the toothcomb plate located at the floor level of the escalator. Thus, while the evidentiary doctrine of res *151 ipsa loquitur is not applicable, as indicated in the cases supra, to injuries resulting from falls absent proof of some unusual occurrence in the functioning of the escalator, it must be observed that the doctrine is applicable in instances where the injury complained of was directly attributable to improper maintenance and not the fall per se.
It affirmatively appears from the record that the escalator was installed by the defendant Westinghouse in 1960, who on the date of the injury had the sole responsibility for its maintenance under a contract with Maison Blanche. The maintenance program consisted of weekly and annual inspections which were being performed at this time by William Bates, appellant's maintenance mechanic with 23 years' experience.
Defendant's only witnesses were Mr. Bates and John E. Campbell, district maintenance repair superintendent. Mr. Campbell's testimony is of little probative value since his knowledge of the inspection and maintenance of the particular escalator involved was gained solely through the routine reports of Bates.
According to Mr. Bates, his weekly inspections of the escalator made two days prior and five days subsequent to the accident revealed no defects or maladjustments whatsoever. He found no broken comb teeth and no need for adjustment between the level of the comb plate and the steps. He admitted that his inspection was purely visual and that no physical measurements were made. Mr. Bates stated that the weekly reports would not reflect any adjustments of the comb plate or the replacement of comb teeth or any other such repairs his employer considered to be minor. Based upon the statement of Mr. Campbell, his supervisor, the primary function of the weekly reports is solely to confirm or verify that an inspection has been made and to indicate the number of work hours of the personnel involved. Apparently Bates relied upon these reports in support of his testimony that no repairs were effected in the weekly inspections before and after the date of injury. The reports' routine lack of specificity of the work performed seriously impairs the probative value of any testimony based upon their contents.
Mr. Bates testified unequivocally that "a hand or a finger couldn't possibly get caught in the comb finger." He further unqualifiedly stated that if there is a proper meshing of the steps with the comb there is no way that someone could get caught in the comb plate.
The substance of Bates' testimony, then, is to the effect that if the escalator is properly maintained it is impossible for a person's finger or hand to be injured by the comb plate and teeth. Accepting as a fact this testimony that properly maintained equipment cannot cause this type of injury, it is uncontroverted that the child's hand and wrist were injured by the comb teeth. This fact was established by a preponderance of evidence consisting of the testimony of her parents, the peculiar injury sustained, and the admission of Maison Blanche that it was notified of the accident on the date of its occurrence. Since Westinghouse had exclusive control of the manufacture, installation, and maintenance of the offending escalator, and because of the testimony of the maintenance employee that the injury could not have occurred in the manner in which it did if the equipment had been properly maintained, the burden of proof shifts to the appellant to explain or account for the cause of the injury to the child's hand other than by improper maintenance. This it failed to do.
Apparently the jury concluded, with which findings we agree, that at the time of the accident the Tarantinos were properly using the equipment for the purpose and in the manner intended by Westinghouse and City Stores; that Westinghouse *152 failed to bear the burden of proving that it satisfied the high degree of care owed to the customers of Maison Blanche by properly maintaining this equipment (See Cannon and Vallette, cited supra); that had they done so, the three-year-old child would not have suffered this type of injury; and that the proof adduced by plaintiff in support of his claims was sufficient to constitute a preponderance of evidence. We find no manifest error in the conclusions of the jury on these points.
On the issue of quantum of damages, we observe that the injury involved five lacerations of the type of Anne Marie's right hand and wrist. These wounds were closed by a total of 15 to 20 sutures and some residual scarring of the skin was produced. No hospitalization was required in the treatment, nor is the loss of function of the member involved. Dr. Louis Krust, a plastic surgeon, proposed a revision of three of the five scars which could be accomplished under local anesthetic on two separate occasions, each of which would necessitate at least one night of hospitalization.
Our research has failed to disclose a case involving an injury comparable to that suffered by Anne Marie. While the amount awarded is rather generous, we do not find it so excessive as to constitute an abuse of discretion by the jury.
For the reasons above assigned the judgment of the trial court is affirmed, costs to be borne by the appellant.
Affirmed.
SAMUEL, J., concurs.
SAMUEL, Judge (concurring).
I concur solely for the purpose of stating that in my opinion there is sufficient evidence in the record to warrant the judgment in favor of plaintiff without invoking the doctrine of res ipsa loquitur.