BAILES, Judge Pro Tem.
This is an action in tort. Plaintiff sued defendants, T G & Y Stores, Inc., T G & Y Stores Company of Louisiana, Inc., and Continental Insurance Company, to recover damages which she sustained when she fell in a T G & Y store in Baton Rouge, Louisiana, on October 9, 1973. The trial court awarded her lost wages and medical expenses of $2,111.75 and $2795.00 for her personal injuries, for a total award of $4,906.75. Defendants appealed. Plaintiff answered the appeal seeking an increase in the award for personal injuries. We affirm.
The facts herein are almost without conflict. On October 9, 1975, the petitioner was shopping in that place of business as she had done on previous occasions. Immediately before the fall, plaintiff was looking at a purse display located on the top of a merchandise counter. As she reached the end of the counter, she began to make a left turn around the end of it and, as she did so, struck her right toe on an object on the floor and fell, sustaining certain bodily injuries.
The record indicates that after 3 p. m. on that afternoon, the plaintiff, a registered nurse, began shopping in the rear of the store and, upon finishing, began to walk toward the cash registers near the front. As she did so, her attention was at *484 tracted to the display previously mentioned. The fall that ensued as she moved around the counter to look at the merchandise was, according to the plaintiff’s evidence, caused by a pallet or display counter support which was described as being some three feet square by. four inches high and which, at that time, was protruding from beneath the counter below the purse display.
At the trial, in addition to the testimony of the plaintiff, three persons were heard who were present at the time of this incident. John R. Cummings, whose attention was attracted by the commotion after the fall, described the platform upon which the plaintiff tripped to be an unmarked wooden structure of the approximate dimensions noted earlier herein. Because of its unnoticeable position, he felt that it created a hazard and he expressed that belief twice at that time to persons present, one of whom he thought to be a store employee.
Richard Simmons, Jr., the acting supervisor of the store, affirmed that he was there on the date of the fall and that he thereafter attended to the plaintiff and drove her home when she had sufficiently recovered. He testified that, although in his recollection there was no wooden protrusion from the bottom of the purse counter, it was possible that in the rearranging of the display, some of the upper shelves, which were easily removable, might not have been in place.
Also present was Brent Michael Dupuy, the manager of the store, who was talking with Simmons at the time of the accident. He affirmed the testimony of Simmons to the effect that he recalled no uncovered counter support as described by Cummings, but he also was not positive that the upper shelves were installed.
The evidence clearly preponderates to the effect that a dangerous object was allowed to extend out into the path of a customer whose attention was attracted to a merchandise display and away from the aisle in which she was walking. The testimony of the T G & Y employees indicates some degree of uncertainty on their part as to the presence of the display support, however, it is unconvincing when compared with the positive statements of Cummings who was present, noticed the size and position of the obstruction, and commented on its dangerous nature to onlookers, one of whom was believed to be a store employee. His account of the incident seems accurate and entirely consistent with the sequence of events described by Mrs. Haney. She could not testimonially describe the obstruction as she never saw it. A presumption of negligence has been created which the defendants have failed to overcome.
The principles of law which imposes liability on the storekeeper are clearly enunciated in the jurisprudence of this state. The law imposes on the merchant the active and positive duty of ordinary care to keep the premises, the aisles and passageways safe for the customer. The facts herein clearly show that this duty was not discharged by the storekeeper. The trial court found negligence on his part, and we perceive no error therein.
In addition to arguing that the storekeeper was free from negligence, defendant urges that we should find the plaintiff guilty of contributory negligence. This we cannot do. The display of purses were so arranged to get the attention of the shopper. That is the very purpose of the display of the seller’s wares. Hopefully, the better the display the more attention it will attract and the more purse sales the display will promote. The inattention of the shopper as to where he places his foot is the natural consequence of the attractive display. The cause in fact of the plaintiff tripping over the projection of the base of the display into the aisle was the breach of the duty to keep the passageway free from obstructions.
In the modern self-service type store, the patron has a right to presume *485 that the aisles and passageways where it is intended for customers to walk will be free from obstructions and reasonably safe while his attention is directed to the inspection of merchandise on display. See Provost v. Great Atlantic & Pacific Tea Company, 154 So.2d 597 (La.App. 3rd Cir. 1963); Chauvin v. United States Fidelity & Guaranty Co., 223 So.2d 441 (La.App.3rd Cir. 1969); Tripkovich v. Winn-Dixie Louisiana, Inc., 284 So.2d 80 (La.App. 4th Cir. 1973); Bergeron v. Employers-Commercial Union Companies, et al., 306 So.2d 367 (La.App. 3rd Cir. 1975).
The obstruction here does not impress us as being an obvious and ordinary or easily observable danger which should have been seen by a patron in view of the surrounding circumstances. We find no merit to the affirmative defense of contributory negligence. We find no negligence on the part of the plaintiff.
We conclude that the award of the trial judge for the claim made out by the plaintiff should not be disturbed. Although the various amounts given were not itemized in the judgment, her lost wages and medical expenses of $1,557.00 and $554.75, respectively, were presumably awarded in full.
Her personal injuries resulting from this fall were described by the testimony of Dr. F. C. McMains and by a report submitted by Dr. Thomas Campanella, both orthopedic surgeons. Dr. McMains stated that she suffered a left shoulder-arm syndrome together with a sprain of the neck. Although she required some physical therapy treatments, her recovery was complete with the exception of a 5 per cent shoulder disability. According to Dr. Campanella, it seems that she also experienced an undis-placed fracture of the greater tuberosity of the left humerus, from which she recovered fully and without disability. The award of $2,795.00 substantially compensates the petitioner for those injuries and does not amount to an abuse of the wide latitude allowed the trial judge in fixing damages. Bitoun v. Landry, 302 So.2d 278 (La. 1974).
For the foregoing reasons, the judgment appealed is affirmed, at defendants’ cost.
Affirmed.