BEER, Judge.
On October 18, 1973, appellee, Ruby Davis, fell while on a moving escalator in D. H. Holmes, Ltd. department store. Suit against D. H. Holmes, Ltd. and Otis Elevator Company resulted in judgment dismissing the claim against Holmes and the awarding of damages in the amount of $8,660 against Otis Elevator Company, who suspensively appeals.
The record is void of any evidence to indicate malfunction of the escalator or impropriety of its design, installation and operation.
Able counsel for appellee relies upon Tarantino v. City Stores Co., 278 So.2d 149 (La.App. 4th Cir. 1973), but we find that case distinguishable on its facts, for, here, *744 there is no proof of any defect which might have been obviated by a more complete system of inspection and/or maintenance. Indeed, there is no proof whatsoever of the cause of Ruby Davis’ fall. One of the shoes which she was wearing was introduced in evidence in an attempt to show that it was, in some way, “caught” in or on the escalator, but we find no connexity between the alleged catching of her shoe and any failure or malfunction of the system. If her shoe did catch, there is absolutely no evidence in this record to attribute the catching to any defect, failure or malfunction of the escalator.
The judgment of the Civil District Court for the Parish of Orleans in favor of Ruby Davis and against Otis Elevator Company is reversed, and the claim of Ruby Davis is dismissed. In all other respects, the judgment is affirmed. Each party to this appeal is to bear its own costs.

REVERSED IN PART, AFFIRMED IN PART.