SARTAIN, Judge.
This suit arises out of an accident which occurred on June 17, 1977, in which plaintiff’s five-year old son Ryan was injured when his left arm was allegedly caught in the mechanism of the moving rubber handrail of an escalator.
The incident occurred at the up entrance to the first floor escalator at Maison Blanche, Metairie, Louisiana.
Named as defendants are City Stores Company, the owner of Maison Blanche, and its liability insurer, Travelers Insurance Company; and Otis Elevator Company, which had constructed the escalator and was under contract with Maison Blanche to maintain it, and its liability insurer, Liberty Mutual Insurance Company. Each of these parties filed general denials, pleas of contributory negligence, and third party demands against the plaintiff based on lack of supervision, etc., on the part of the child’s mother, imputable to the father. In addition City Stores and Travelers seek indemnification from Otis and Liberty Mutual for any judgment against them in plaintiff’s favor.
Plaintiff now appeals from an adverse judgment in the district court. We reverse.
The evidence reflects that on the day of the accident Mrs. Shapiro entered the store just to shop. She was accompanied by Ryan and her daughter, who was nine years of age at the time. As she approached the area near the escalator she observed a display table and stopped to look at the merchandise. She had been there only a matter of moments when she heard her son scream. She looked around and he was standing near the escalator holding his left arm. She rushed to him and pulled him away from the escalator. The child made some statement to the effect that he had caught his arm on it.
Two employees of the store testified. Ms. Betty Rodriquez was in the department to make a personal purchase. Her back was to the child, who was right at the escalator. She could see that his arms were sort of moving, giving her the impression that he was playing. She heard him scream, turned around and observed the mother rush to the child “and must have pulled his arm-somebody had to get him out of the escalator, whatever was causing him to cry, she relieved the pressure.” However, she could not actually tell whether the child was trapped.
The other employee, Ms. Dolly Leone, also had her back to young Ryan, but was no further than five feet from him. She heard him scream turned around, and saw his mother pull him away from the escalator. When her attention was first attracted to the child he was standing.
Mr. Evans Michael, administrative manager of the store, was called to the scene immediately and arrived before Mrs. Shapiro and Ryan had departed. He made only a visual inspection of the escalator and since it appeared to him to be working properly, he took no further action. He did not check the tension on the handrail or call Otis for further inspection. This appears to be very inadequate under the circumstances because in his report to his insurer he noted, inter alia, “Arm apparently caught in rubber handrail of escalator.”
Otis was not informed of the accident until April 5, 1978, some ten months later. Testimony presented by them is to the effect that the escalator was designed and constructed in accordance with the requirements of the National Elevator Safety Code and that routine inspections made by its personnel before and after the accident failed to reveal any malfunctions or defects. As the handrail moves along the supporting and stationary side portions of the escalator there is a one-sixteenth (Vi6th) of an inch clearance if properly adjusted which Otis contends would not permit the passage of a pencil or a finger, much less an arm. A function of routine inspection is to check the tension of the handrail. If it is too *4 tight, it restricts movement. If it is too loose, it slips. Dust, dirt or other debris under the handrail would cause it to slip on its track, lose tension, and become loose. The Vi6th inch clearance between the handrail and its supporting tract permits the desired tension and proper operation.
Under its contract with Maison Blanche, a supervisor from Otis makes periodic visual inspections of the escalator and if there is an apparent problem with the unit a work order is issued and mechanics make the necessary adjustments and/or repairs. Work records entered in evidence reveal that the instant escalator received mechanical attention on May 19,1977, approximately one month before the accident, and on September 21, 1977, approximately four months after the accident. There is no direct evidence in the record that the handrail was ever loose and, by the same token, there is no direct evidence in the record that the handrail itself was ever physically checked to see if the desired Vi6th clearance, as noted above, was being maintained.
In Marquez v. City Stores Company, 371 So.2d 810 (La.1979), the Supreme Court had occasion to review in detail the jurisprudence relative to escalator operations. In brief it held that under C.C. art. 2317, as interpreted in Loescher v. Parr, 324 So.2d 441 (La.1975), strict liability is imposed upon the owner when there is found to be a defect in the thing under his custody which causes injury to another. The essential elements are custody, defect, and resulting injuries.
The question of custody of the escalator in the instant case is, of course, conceded. However, the issues as to the existence of a defect and the manner in which young Ryan injured himself are very strenuously contested. It is the position of the defendants that plaintiff bears the burden of proving a defect and that in the instant matter he has totally failed to do so. The trial judge agreed and rejected plaintiff’s demands. We are compelled to disagree.
First, we must dispose of one argument advanced by defendants. They contend that, assuming that the injuries were caused by the escalator, they were not the result of any normal or intended use of the escalator, but were the result of the fault of the mother in permitting the child to play around the escalator instead of having him under control. We reject this argument under the present circumstances. The display table where the mother and the child were is within ten feet of the escalator. The mother was within nine feet of the child and the escalator; a sales person was within the same distance, and another was within five or six feet. It is difficult for us to say that any person in such close proximity to the escalator had no business being there or that their presence there was unexpected or unusual. If the escalator was in fact defective, i. e. posed a potential hazard to small children, then we consider the resulting injuries to have occurred within the context of normal and intended use.
Defendants next argue that there were no eyewitnesses to the accident and that the testimony of young Ryan, because of his age and some variance in the way he described the incident, is without credibility. For these reasons defendants submit plaintiff has failed to prove an escalator related accident. We must also reject this contention.
Pretermitting the weight to be accorded the testimony of the child the only reasonable explanation for the injury is that his left arm was in fact caught in the handrail. He was observed shortly before the accident and he was standing. He was observed right after it occurred and he was still standing. This, in our opinion, rules out the possibility of falling either to the floor or into the escalator’s side wall and injuring himself in that fashion.
Further, we do not find the mother guilty of contributory negligence. Our reason for so holding is based on the close proximity of the child to his mother at the time and the location of the display table in relation to the escalator.
We follow the reasoning in Marquez v. City Stores Company, above, and conclude that the fact that the escalator caught this *5 child’s arm is an unusual occurrence in itself which would not have happened had the escalator not been defective. See Ott v. J. C. Penney Co., 360 So.2d 524 (La.App. 2nd Cir. 1978); Tarantino v. City Stores Co. (Maison Blanche Div.), 278 So.2d 149 (La. App. 4th Cir., 1973), writ denied 281 So.2d 741 (La.1973); Hunt v. City Stores, Inc., 375 So.2d 1194 (La.App. 4th Cir. 1979), writ granted 378 So.2d 433 (La.1979).
We turn now to the question of damages. The medical evidence shows that young Ryan sustained a torus fracture of the left distal radius and ulna (wrist). His arm was placed in a cast which he wore for five weeks. Fortunately, the injury was not serious and left no residual effects. His swimming for the balance of the summer was curtailed and he missed out on a vacation trip. We think an award of $2,500.00 is reasonable. Evidence as to medical expenses in the amount of $187.00 was offered without objection.
While City Stores denies any liability on the main demand, it argues in support of its third party demand against Otis that the latter is responsible to it for any award granted the plaintiff based on any defect in the escalator whether it be by reason of design and manufacture or improper maintenance. We find merit in this argument. The escalator in question was designed, constructed and installed by Otis in 1960 and has been under an inspection and maintenance contract with Maison Blanche since the date of installation. This contract provides in pertinent part: “To examine, adjust and if, in our judgment, conditions warrant, repair or replace any Step Tread, Step, Comb Plant or Handrail.” (Emphasis ours) We do not have to decide whether the defect in the escalator was the result of an error in design or of faulty maintenance. Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). In either event the same inference of negligence applies to Otis, which has failed to rebut the same. Marquez v. City Stores Company, above.
For the above reasons the judgment of the district court is reversed and judgment is rendered in favor of Stephan G. Shapiro, individually, in the sum of $187.00 for medical expenses, and, as administrator of the estate of his minor son, Ryan Shapiro, for personal injuries sustained by the latter, in the sum of $2,500.00 against City Stores Company (Maison Blanche Division), The Travelers Insurance Company and Otis Elevator Corporation and Liberty Mutual Insurance Company, jointly and in solido, together with legal interest thereon from the date of judicial demand until paid and for all costs, and there is judgment over in favor of third party plaintiffs, City Stores Company (Maison Blanche Division) and The Travelers Insurance Company against third party defendants, Otis Elevator Corporation and Liberty Mutual Insurance Company.
REVERSED AND RENDERED.