REDMANN, Chief Judge.
Defendant Buccaneer Wash and Dry and its insurer appeal from a judgment for damages to a child injured by a washing machine at Buccaneer’s place of business. The child’s mother appeals the dismissal of the machine’s manufacturer and its insurer. Liability and quantum are at issue. We affirm.
From the severity of the breaking of the infant’s arm, it is a permissible inference that, rather than merely having fell, he opened defendant Buccaneer’s washing machine and stuck his arm inside while it was spinning fast enough to cause his injury. Compare Shapiro v. City Stores Co., 391 So.2d 2 (La.App. 4 Cir.1980).
A washing machine that allows a child only three years 11 months old to open it while it is spinning fast enough to completely break his arm is unreasonably dangerous for normal and expected use in a “wash and dry clean center” where young children will be present while their parents utilize the facilities. Marquez v. City Stores Co., 371 So.2d 810 (La.1979). The presence of a mechanical horse for the amusement of youngsters shows Buccaneer expected and approved of their presence.
Because of the age (12 years) of the machine and Buccaneer’s maintenance of it, *1284 we cannot say the trial judge erred in his conclusion that the failure of the door-lock mechanism was not attributable to a defect that existed at the time of the manufacture, as required by Weber v. Fidelity & Casualty Ins. Co., 259 La. 599, 250 So.2d 754 (1971).
But defendant is strictly liable under C.C. 2317, Loescher v. Parr, 324 So.2d 441 (La.1975), as the guardian of a defective thing that causes damage. Regardless of the applicability or not of contributory negligence, the infant could not be contributorily negligent, and his mother’s concurrent negligence (if any) could not be imputed to the infant.
If the mother’s negligence contributed to the accident, however, it is arguable that her recovery of medical expenses might be affected. But, in the first place, a self-service store customer must be expected to exercise diminished care by reason of the necessities of self-service, Harvey v. T.G. & Y Stores, Inc., 327 So.2d 482 (La. App. 1 Cir.1976). More important, in our view, on a duty-risk analysis, the mother’s understandable slight inattention was not a legal cause of the accident. The mother owed no duty to the child, much less to Buccaneer, to anticipate that the washing machine was so dangerously defective and therefore to keep the child literally in hand at all moments while trying to remove her washed clothes from the several washing machines she used. See also Shapiro, above.
Finally, Buccaneer and its insurer question quantum of $45,000. The child’s arm suffered multiple breaks which impinged on nerves, requiring surgery and permanent pins in the elbow. The arm is bowed and scarred; the bowing will probably straighten but might worsen and require more surgery. Original treatment required a body cast for months and then an arm cast. If $45,000 is towards the higher rather than the lower limit of the trial judge’s “much discretion,” C.C. 1934(3), we cannot say it exceeds it.
Affirmed.