CHEHARDY, Judge.
Plaintiff Remy A. Bosio, father of René Bosio, a six-year-old minor, instituted this suit for injuries sustained when the child’s hand was caught in a grocery store convey- or belt. Named defendant was National Tea Company, d/b/a National Canal Villere Food Stores.
Defendant answered in the form of a general denial, ^pleading the sole proximate cause of the accident was the negligence of the child’s mother in failing to properly supervise the child, and alternatively pleading that any award of damages be reduced by the contributory comparative negligence of the mother.
Following trial on the merits, judgment was rendered in favor of plaintiff, on behalf of the child, in the sum of $3,803.45. Defendant has appealed.
In this court defendant is not contesting liability or raising the issue of negligence *537 on the part of the mother. We are therefore concerned only with the issue of quantum. Evidence pertinent in this regard is the testimony of Mrs. Bosio and medical evidence in the form of reports of Drs. Harry Hoerner and Donald False, the emergency room report of East Jefferson Hospital and the medical bills stipulated in evidence by the parties.
Concerning the injury to her son, Mrs. Bosio testified the accident occurred on June 17, 1982 at the William Boulevard Canal Villere store in Kenner, Louisiana. After completing her shopping she gave each of her two boys 25<t to play the game machines while she was unloading her groceries.
Shortly thereafter one of the boys got his hand caught in a conveyor belt in another aisle. Mrs. Bosio ran to assist the child whose hand was moving into the machinery. Several people, including a cashier and a bagger, rushed to her aid. When they were finally able to stop the belt, they could not extricate the child’s hand from the machinery. When the hand was finally pulled out it was swollen and blistered, the child was crying and he was very upset.
Although no one was in that aisle at the time, the belt had been left running by a workman who was fixing the machine, but had left it unattended. When he heard the commotion he ran over and apologized.
Immediately after the incident the child turned white and felt as though he wanted to throw up. He was taken to the bathroom, his face was wiped and his hand was put under water. Mrs. Bosio did everything possible to keep the child from fainting and wanted to go home immediately to call her husband to seek emergency treatment, but she was delayed somewhat when she was asked to stay and speak with the store manager.
The child was taken to the emergency room at East Jefferson Hospital an hour or two after the accident. X rays were taken and the child was released. The injury adversely affected the child for about eight or nine months. He could not play baseball pr ride bikes, and he guarded his hand so it would not be accidently hit while he was playing with his friends. He was afraid to take a bath because his hand hurt in the water. His mother had to assist him putting on his clothes for about nine months after the accident. He was only six years old and he missed out on many activities he would otherwise have participated in, especially during the summer.
After the child was seen at East Jefferson, Mrs. Bosio was told by the doctor that the hand was not broken but it was very badly bruised. She was given a prescription for salve and a pain medicine, which was refilled three times. She stated that at the time of trial the child was complaining only that the hand tingles when he takes a bath. He has had no problems at school and is able to hold a pencil and engage in normal activities.
The court examined the child’s hand on the date of trial, July 11, 1985, and noted for the record that there was still a slight scar, but it seemed to be innocuous. The child told the judge he was not having any further problem with the hand.
Dr. Hoerner’s report indicates he saw the child on December 13, 1982. A history was taken primarily from the mother. The child did not complain of any problems with the hand, nor did an x ray reveal any abnormalities. Physical examination of the right hand revealed a very small light colored area of skin over the dorsum of the hand near the third MP joint which appeared to be a small area of scar, secondary to an abrasion. The child had full range of motion, no swelling, and no permanent or residual disability as a result of the injury. Dr. Hoerner diagnosed the injury as post-crush injury to the right hand, and concluded the child had a normal hand for a six-year-old boy. No further treatment was deemed necessary.
Dr. Donald C. Faust examined the child on behalf of the defendant on February 21, 1984. He took a history and examined both of the child’s hands, and x rays were taken. In Dr. Faust’s opinion the child suffered a contusion to his right hand with *538 an area of abrasion of the dorsum, which had subsequently healed with a small area of hyperpigmentation. Faust concluded the child could use his hand fully, that no further treatment was required.
The stipulated special damages are: Dr. Hoerner $225, East Jefferson Hospital $78.45.
It is defendant’s position that the $3,500 award for general damages is excessive and is a clear abuse of the wide discretion vested in the trial court. Defendant submits the documentary evidence, including the medical reports, indicates the hand is normal. The photographs show nothing more than a skin discoloring, and there is no residual disability. Defendant also points out that although the child was seen in the emergency room after the accident, no further medical treatment was sought until six months thereafter. They suggest this was not for the purpose of treatment, but only for preparation for trial.
We are cited to several cases which defendant claims are somewhat similar, with substantially lesser awards. Boudoin v. Schwegmann Bros. Giant Supermarket, 371 So.2d 370 (La.App.4th Cir.), is a 1979 case where a 13-year-old boy injured his arm on a metal railing. He was awarded $2,000 for pain and restriction of activities for six weeks. Shapiro v. City Stores Co., etc., 391 So.2d 2 (La.App.4th Cir.), a 1980 case, involves a five-year-old boy whose left arm was caught in the moving handrail of an escalator. That award was $2,500. Defendant also cites older cases where the awards were substantially lower.
As stated by our Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332, 334 (La.1977):
“ ' * * * (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.’ ”
The Court went on to state:
“ ‘The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly disproportionate to similar awards (if truly similar), whether an issue of abuse of discretion may exist in the present case. In any event, an abuse of trial-court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages.’ * ‡ * »
Unless the record demonstrates that the trial court abused the “much discretion” provided it in fixing damages (LSA-C.C. art. 1934), we are not authorized to disturb the award.
«* * * question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) award will not justify a change in the amount by the appellate court. * * * ” Bitoun v. Landry, 302 So.2d 278 (La.1974), at 279.
With these principles in mind we have carefully reviewed the record and we find no abuse of the much discretion granted to the trial judge.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.