THOMAS J. KLIEBERT, Judge Pro Tem.
Lynn Tannery, plaintiff-appellant, appeals devolutively from a judgment casting State Farm Mutual Insurance Company, appellant’s underinsured motorist carrier of Tannery’s vehicle, for $2,500.00 in damages. Before trial, the parties stipulated plaintiff had recovered from the tort-feasor’s liability insurance carrier $10,-000.00, the policy limits. The sole issue on appeal is the adequacy of the $2,500.00 award against State Farm. We affirm.
On July 12, 1981, the plaintiff was involved in an intersectional collision in which the driver of her vehicle was absolved of fault. At the time of the collision plaintiff was seven months pregnant and sustained a closed fracture of the right humerus, an injury to her front tooth, a bruised back and small lacerations on her face, left arm and legs.
Mrs. Tannery was taken to the Lafayette General Hospital where her broken right humerus was set in a hanging cast by Dr. John Cobb, an orthopedic surgeon. The hanging cast utilizes gravity to maintain alignment at the break area and is suspended from the neck with the arm in a folded position. After six weeks the hanging cast was removed and the arm placed in a sling for an additional eleven weeks.
*1339 According to the testimony of Dr. Francis Boustany, a dentist, Mrs. Tannery visited him in August 1981 for a routine dental examination and cleaning. At the time, she informed him of the accident and complained of sensitivity in a front tooth. He recommended subsequent re-evaluation which was done in August 1983. An x-ray of the tooth disclosed a “radioluscent area” (an infected area) at the periapical (upper) region of the tooth. Consequently, a root canal (removal of the nerve of the tooth) was performed. For functional and cosmetic reasons, in his opinion, the tooth would eventually require crowning. His treatment cost to the date of trial was $160.00. The estimated future cost of a crown would be in the range of $370.00 to $425.00.
Mrs. Tannery testified that while her arm was in the cast she was unable to care for herself, much less for her family. According to her, she was unable to perform her normal duties and needed help in everyday personal functions. She was unable to brush her teeth, wash her hair, bathe, cook, wash clothes or take care of her nineteen month old and three year old sons. Also, she experienced considerable mental anguish over the possibility of the injury to her unborn child and contends the child’s delivery was more difficult and painful than normal due to her broken arm.
Upon discharge and removal of the sling on November 4, 1981, Mrs. Tannery testified she did not have full mobility of her arm. In June 1982 and July 1983 she was seen by Dr. Cobb for paresthesias (sensitivity) of the break area. He recommended therapy and two weeks of treatments (heat and ultrasound) which would cause her complaints to subside in two weeks. Dr. Cobb testified that x-rays revealed the fractured humerus achieved complete healing, within four months of the accident, with a 10 degree angulation (bow) of the arm.
Plaintiff contends the award of $2,500.00 was inadequate for the damages sustained and argues for an increase. She says courts have awarded from $45,000.00 to a child who had sustained a broken arm, Hughes v. Buccanneer Wash and Dry Cleaning Center, 423 So.2d 1282 (4th Cir. 1982) to $15,000.00 for a dislocated shoulder and a chip fracture, Reed v. West Brothers of Eunice, La., Inc., 338 So.2d 324 (3rd Cir.1976).
The Fourth Circuit Court of Appeal increased an award from $12,000.00 to $20,-000.00 for a wrist injury. Hobbs v. Oliver, 420 So.2d 708 (4th Cir.1982). Plaintiff argues the award should be increased for the appeal court may award the lowest amount reasonably within the discretion afforded the trial court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
These cases are distinguishable from the instant case in that there each plaintiff was more seriously injured than Mrs. Tannery was here. In Hughes, the decision dealt with multiple fractures, surgery and permanent internal fixation. The Reed injury was more serious and included one year of disuse for the affected extremity. In Hobbs, the effects of the injury lasted for three years post-accident.
In the instant case, plaintiff testified on cross-examination that there is nothing she cannot do now that she could do before the accident. Less than four months after the accident, x-rays confirmed that Mrs. Tannery had achieved complete healing. The ten degree angulation of the arm that plaintiff referred to was termed by her orthopedic surgeon as “mild or slight.” Further, plaintiffs doctor testified that the bone would continue to “remodel ” or “straighten itself over a period of time as part of a natural healing process.” Plaintiff’s doctor also testified that the injuries sustained would not present any problem to Mrs. Tannery, either functionally or cosmetically.
Neither appellant’s assertions, the jurisprudence nor the Coco rule compel a finding that the trial judge abused his discretion in concluding a total award of $12,-500.00 adequately compensated plaintiff for the true nature, duration and lack of severity associated with her injury. The trial judge had the opportunity to evaluate plaintiff’s demeanor and tendency toward *1340 overstatement. The trial judge also had the opportunity to observe and evaluate the physical manifestion of the injuries Mrs. Tannery claims. These factors, coupled with Dr. Cobb’s forthright testimony assigning no disability, no functional or cosmetic after-effect, combined with the fact that plaintiff was advised the day after the accident that her unborn child was unaffected, show the appropriateness of the $12,500.00 award made by the lower court.
Accordingly, the judgment of the lower court is affirmed. All costs are to be paid by appellant.
AFFIRMED,