321 So.2d 795 (1975)
Drake L. NORBERG, Sr., for himself and on behalf of his minor son, Drake L. Norberg, Jr.
v.
SEARS, ROEBUCK & COMPANY and Otis Elevator Company.
No. 7077.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Robert H. Wood, Jr., of Drury, Lozes & Curry, New Orleans, for Otis Elevator Co., defendant-appellant.
J. Paul Demarest, of Favret, Favret & Demarest, New Orleans, for Sears, Roebuck & Co., defendant-appellant.
Gus A. Fritchie, Jr., of Fritchie & Cooley, Slidell, for Drake L. Norberg, Sr., and Drake L. Norberg, Jr., plaintiff-appellee.
Before STOULIG, BOUTALL and BEER, JJ.
BOUTALL, Judge.
Suit was instituted by Drake Norberg, Sr. for himself and his minor son, Drake Norberg, Jr., for damages due to personal injuries received by the son. The accident occurred when the son placed his hand into a moving part of an escalator at defendant Sears, Roebuck and Company's store. The other defendant in this suit is Otis Elevator Company, the manufacturer of the escalator. The trial court rendered judgment against both defendants in solido in favor of Drake Norberg, Sr. for $800.00 and in favor of Drake Norberg, Sr. on behalf of his minor son for $2,500.00. From this judgment defendants have perfected this appeal. We reverse.
The facts of this case are not disputed. The young Norberg child (4 years old at *796 the time of the accident) was shopping with his mother and aunt at the Sears store in the Gentilly section of New Orleans. The two ladies were on the second floor of the store looking at drapes when young Drake wandered off. He testified that he was attracted by another young boy playing by the escalator. He also began to play with the escalator and somehow managed to get his hand caught in the handrail guard. Something inside the mechanism scraped off the skin on the middle finger of Drake's hand. Store personnel nearby ran to the boy's assistance and quickly pulled his hand from the machine.
The photographs and testimony presented show that the boy was playing with the "up" escalator at the store. The hard rubber handrail operates as a large oval belt circulating between floors. It makes a semicircle at the top and returns into the balustrade just above the floor level for the return trip to the lower floor. On the second floor at the point where the handrail reenters the balustrade there is a handrail guard. The distance between the guard and the turning handrail is approximately ¼ inch. The guard is made of a soft rubber material and its function is to act as a wiper, keeping objects struck to the handrail from entering the mechanism. Young Drake inserted his hand into this small opening, thus incurring his injuries. Considering its location and physical condition, it is very improbable that anyone could accidentally get his hand caught in the opening through any normal or foreseeable use of the escalator.
The issue before us is not quantum, but liability relative to the degree of duty or care imposed upon the store owner and manufacturer of the escalator towards customers of the store. Plaintiff relies upon the applicability of the rationale expressed in a recent Supreme Court case, Holland v. Buckley, 305 So.2d 113 (1974), which imposes a presumption of fault in the nature of strict liability. Plaintiff contends that a similar form of strict liability should be applied to the facts in this case. Defendants assert, and the record fully bears them out, that no negligence or breach of duty was proven by plaintiff and strict liability cannot be applied to these facts.
The case of Holland v. Buckley, supra, deals with the liability of the owner of an animal for damages caused by the animal as provided in RCC Article 2321. The Supreme Court in construing RCC article 2321 held that that article presumed fault on the part of the animal's owner; fault ". . . in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316."
Plaintiff's argument is an attempt to extend the reasoning of Holland to the present set of facts. The Supreme Court made it clear that its construction of RCC article 2321 was an exception to the basic rule that a plaintiff must prove negligence in order to recover. This suit is brought under the provisions of RCC articles 2315 and 2316 where fault is the central issue. An examination of the record convinces us that no fault has been shown in this case and we cannot impose liability. Cannon v. Holmes, 27A So.2d 799 (La.App.4th Cir. 1973).
For the above reasons the judgment of the trial court is reversed and judgment is hereby entered in favor of defendants, dismissing plaintiff's suit. Plaintiff is to bear all costs.
Reversed and rendered.