ON REHEARING
We granted a rehearing in this matter to reconsider our original decree insofar as the same granted full indemnity to City Stores and Travelers Insurance Company on their third party demands against Otis Elevator and Liberty Mutual. Our decision to do so was prompted by the recent holding in Hunt v. City Stores, Inc., et al., 387 So.2d 585 (La.1980), rehearing denied September 12, 1980.
In Hunt plaintiff’s young son was injured when his right tennis shoe was caught in the space between the moving tread and the escalator’s left side panel. The court, citing Marquez v. City Stores Co., 371 So.2d 810 (La.1979) and Mire v. Otis Elevator Co., Inc., 357 So.2d 1326 (La.App. 4th Cir. 1978), found a breach of duty on both City Stores (the custodian) and Otis (the manufacturer) to warn patrons against the risk of harm posed by the use of the escalator by small children wearing tennis shoes. The court reasoned: “The loss should be divided. Otherwise, the store owner has no incentive to warn the public, replace the escalator or otherwise prevent future accidents.” We find the same reasoning applicable here.
*6 The indifferent attitude of City Stores toward liability is evidenced in the fact that it did not report the accident to Otis until ten months later. Secondly, City Stores shared in the risk of harm to others by placing its display counters in such close proximity to the escalator, where it could reasonably be expected that young children would be exposed.
For these reasons that portion of our original decree granting third party plaintiffs, City Stores and Liberty Mutual, judgment over and against third party defendants, Otis Elevator Corporation and Travelers Insurance Company, is recalled and set aside, and the original decree, as amended, is reinstated and made the judgment of this court.
ORIGINAL DECREE AMENDED AND, AS AMENDED, REINSTATED.