387 So.2d 585 (1980)
Jerry HUNT, Individually and as the Administrator of the Estate of his minor son, David Hunt
v.
CITY STORES, INC. d/b/a Maison Blanche and the Travelers Insurance Company, Otis Elevator Company and Commercial Union Assurance Company.
No. 66081.
Supreme Court of Louisiana.
June 23, 1980.
Rehearing Denied September 12, 1980.[*]
*587 James H. Drury, Drury & Lozes, New Orleans, for defendants-respondents, Otis Elevator Co., et al.
Frank J. Achary, Law Offices of James J. Morse, New Orleans, for defendant-applicant, City Stores, Inc., etc., et al.
Paul Bonin, Levenson & Bonin, New Orleans, for respondent.
WATSON, Justice.[*]
At issue is the propriety of a judgment granting plaintiff an award for personal injuries against the owner of an escalator but dismissing a third party demand by the owner against the manufacturer.
Plaintiff, Jerry Hunt, filed suit individually and as the administrator of the estate of his minor son, David, for damages sustained in an accident on an escalator in a New Orleans department store. Defendants are City Stores, Inc. d/b/a Maison Blanche; its insurer, Travelers Insurance Company; Otis Elevator Company, the manufacturer of the escalator; and its insurer, Commercial Union Assurance Company. Defendants City Stores and Travelers filed a third party demand against Otis for contribution and/or indemnification and against Mrs. Jerry Hunt, David's mother, alleging that her negligence was the sole cause of the accident.[1] The trial court rendered judgment in the amount of $5,184 in favor of plaintiff and against defendants, City Stores and Travelers, and dismissed all demands against Otis and Commercial Union. The Fourth Circuit Court of Appeal, 375 So.2d 1194, affirmed on the ground that Marquez v. City Stores Co., 371 So.2d 810 (La., 1979) controlled that result.[2] Upon application of City Stores and Travelers, a writ of certiorari was granted to review the conclusion that the escalator's defect warranted a judgment against City Stores under LSA-C.C. art. 2317, but not a judgment on the third party demand against the manufacturer under the rationale of Weber v. Fidelity and Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971).
On May 27, 1976, twelve year old David Hunt was shopping in the Maison Blanche store at Lake Forest Plaza shopping center in New Orleans. As he rode a descending escalator from the second to the first floor, his right tennis shoe was caught in the space between the moving tread and the escalator's left side panel. Although David was accompanied by his mother and other family members, no one knew exactly why his shoe lodged in the escalator. There was no evidence that the child was misbehaving or that he deliberately wedged his foot in the machine. David testified that he was looking at glittering streamers which hung from the ceiling when the escalator "grabbed" his foot and pulled it into the side opening (Tr. 16). Both knees were injured. The escalator was stopped and David's shoe was cut away to free his foot.
Marquez v. City Stores Co., 371 So.2d 810 (La., 1979), involved a three and one-half year old child who was injured on the same escalator. The key issue in Marquez was whether the escalator was defective. There was no proof of violation of national safety standards for escalators. Evidence of distinctive jolts and noises prior to the accident was rejected. The escalator caught the Marquez child's shoe and this was *588 ". . . an unusual occurrence in itself which would not have happened had this escalator not been defective." 371 So.2d 813. Since the escalator was defective, City Stores was liable under LSA-C.C. art. 2317,[3] as interpreted in Loescher v. Parr, 324 So.2d 441 (La., 1975). Article 2317 and Loescher had previously been applied to hold a department store owner liable for injuries caused by a defective escalator in Wolverton v. City Stores Co. (Maison Blanche Division), 363 So.2d 1321 (La.App. 4 Cir. 1978).
LSA-C.C. art. 2317 imposes liability on the custodian of a defective person or thing which creates an unreasonable risk of harm to others. According to Loescher, the plaintiff must prove "the vice (i. e., unreasonable risk of injury to another) in the person or thing whose act causes the damage, and that the damage resulted from this vice." 324 So.2d 446-447. To escape liability, the defendant must show that the damage was due to fault of the victim, fault of a third party, or an act of God. Although "unreasonableness" is a traditional standard for the determination of negligence, it is also fundamental to a finding of strict liability under LSA-C.C. art. 2317. In both negligence and strict liability cases, the probability and magnitude of the risk are to be balanced against the utility of the thing. The distinction between the two theories of recovery lies in the fact that the inability of a defendant to know or prevent the risk is not a defense in a strict liability case but precludes a finding of negligence. See "Fault of the Victim: The Limits of Liability Under Civil Code Articles 2317, 2318 and 2321," 38 La.L.Rev. 995 at 1013 (1978); "Does Louisiana Really Have Strict Liability under Civil Code Articles 2317, 2318, and 2321?," 40 La.L.Rev. 207 (1979).
Here, the space between the moving threads and the escalator's side panel was 11/16 to 33/16 of an inch, less than the maximum of 3/8 of an inch permitted by the National Safety Code for escalators. There was testimony that some space must be left between the side panel and the moving tread to prevent friction and scuffing and that the escalator does not move laterally under "normal conditions" (Tr. 128). There was no failure to comply with the standards of the escalator industry and no proof that the escalator could have been manufactured to prevent the entrapment of small feet in small spaces. The product was said to represent the latest and best in escalator design. Nevertheless, a great probability of this particular accident occurring was established. Marquez and Mire v. Otis Elevator Co., Inc., 357 So.2d 1326 (La.App. 4 Cir. 1978) both involved tennis shoes which lodged in the side of a moving escalator. According to Otis expert David Steel, the coefficiency of friction is a factor in trapping tennis shoes. The friction produces heat which softens the rubber which increases the coefficiency of friction. Walter Joseph Sarrat, administrator of the Maison Blanche Lake Forest store, admitted that children's feet, the majority with tennis shoes, had been caught in the escalator of his store about four times before David Hunt's accident. A small plaque on the base of the escalator warned against "Barefoot Children", but did not caution against tennis shoes.
While the escalator was beneficial and convenient to Maison Blanche and its customers, the utility of its condition on May 27, 1976, was outweighed by the hazard to small children associated with its use. Although David Hunt only hurt his knees, the injuries to Marquez and Mire were severe enough to warrant partial toe amputations.
This escalator posed a threat to small children in tennis shoes. City Stores was aware of the danger and had a duty to warn of the risk of injury. It failed to do so. The store was at fault in not guarding the public against the risk of harm posed by the escalator.
*589 Although Otis installed and serviced the escalator, its maintenance contract provided:
"It is agreed that we do not assume possession or control of any part of the equipment but such remains yours exclusively as the owner . . .". City Stores, Exhibit # 1, page 3.
Therefore, City Stores d/b/a Maison Blanche was custodian of the defective escalator. It has not carried the burden of showing any fault by victim Hunt or a third person which would relieve it of liability. LSA-C.C. art. 2317.
In Weber v. Fidelity & Casualty Insurance Co. of N.Y., supra, a rule of strict liability for manufacturers of defective products was enunciated. The court stated:
"A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i. e., unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect.
* * * * * *
"If the product is proven defective by reason of its hazard to normal use, the plaintiff need not prove any particular negligence by the maker in its manufacture or processing; for the manufacturer is presumed to know of the vices in the things he makes, whether or not he has actual knowledge of them." 259 La. 602-603, 250 So.2d 755-756."
Thus, under Weber, the plaintiff in a products liability suit must only prove that the product was defective, i. e., unreasonably dangerous to normal use; that the product was in normal use at the time the injury occurred; that the product's defect caused his injury; and that the injury might reasonably have been anticipated by the manufacturer. It is unnecessary to prove that the manufacturer was negligent because he knew or should have known of the dangerous condition of the product at the time of the manufacture or sale. The focus is on the product itself and whether it is unreasonably dangerous to normal use. See 43 Mo.L.Rev. 601, 604 (1978); "The Developing Definition of Defect in California Products Liability", 8 Golden Gate Univ.L.Rev. 263, 286 (1978). A person injured by a product need not prove defective design or manufacture in order to recover from the manufacturer or retailer of the product. Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La., 1978). Again, a balancing test is mandated: if the likelihood and gravity of harm outweigh the benefits and utility of the manufactured product, the product is unreasonably dangerous. If the product is unreasonably dangerous to normal use, the manufacturer is ultimately responsible to one injured in the course of that use. See Phillips, "A Synopsis of the Developing Law of Products Liability," 28 Drake L.Rev. 317, 322-325 (1978-1979).
Here, the risk of harm was known to Otis but not obvious to the public. Otis engineer David Steel admitted that the industry had experience with the problem of children's tennis shoes getting caught. Roger Harris of Otis, an expert in escalators, testified that the stores advise Otis of incidents like this. He had "Probably" (Tr. 108) investigated similar cases where children in tennis shoes had gotten their feet caught. He said that the inconspicuous warning signs which caution against bare feet are the only ones used by Otis. John Michael Trahan, a former maintenance examiner for Otis, testified that the small warning signs at the base of the escalator were part of the equipment and came with the escalator. Despite knowledge of the danger presented to children in tennis shoes, Otis had not warned of that hazard. Penn v. Inferno Manufacturing Corporation, 199 So.2d 210 (La.App. 1 Cir. 1967) writ denied 251 La. 27, 202 So.2d 649; Chappuis v. Sears Roebuck & Co., supra. Accordingly, the courts below erred in dismissing the claims against the product manufacturer and its insurer.
*590 There is an apparent conflict between the result here and that in Marquez as to manufacturer Otis. In Marquez also there was no appeal by plaintiff from dismissal of the claim against Otis and its insurer. However, in Marquez, the third party demand by City Stores against Otis was based solely on negligent performance of a maintenance contract. No negligence in performance of the contract was shown, and no other error by the trial court was assigned. Because City Stores failed to argue any other basis for liability, the demands against Otis by City Stores were dismissed.
Here, however, it was alleged that Otis failed to design and manufacture the escalator in a reasonably safe manner and failed to warn of the dangers attendant to its use. The escalator was shown to present an unreasonable risk of harm in normal use which could have been anticipated by the manufacturer. There was no warning of the defect. Otis is liable for the resulting injury. Therefore, the question presented is whether City Stores is limited to contribution or if it is entitled to indemnity.
LSA-C.C. art. 2103 provides in pertinent part that: "When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation." Here both City Stores and Otis failed to warn the public of a known hazard associated with use of this escalator. Because neither undertook to warn those using the escalator, and both were aware of the risk, both are equally at fault. While Otis might theoretically manufacture a safer product, Maison Blanche could purchase a better escalator, switch to stairs or use elevators. Otis is in a better position to improve the design of the machine than City Stores, but City Stores should not be allowed to keep a defective escalator and pass all liability to the manufacturer. In the absence of some greater fault being shown on the part of either, the obligation is solidary. The loss should be divided. Otherwise, the store owner has no incentive to warn the public, replace the escalator or otherwise prevent future accidents. Otis and its insurer are liable to City Stores and its insurer for contribution of one-half of plaintiff's damages. Compare Leaber v. Jolley Elevator Corp., 354 So.2d 746 (La.App. 4 Cir. 1978).
Therefore, the courts below erred in dismissing the third party demand of City Stores and its insurer against Otis and its insurer. The judgment of the Court of Appeal is affirmed with respect to the plaintiff's demand against City Stores and Travelers and is amended to award City Stores and Travelers judgment on its third party demand for contribution of one-half the amount awarded to plaintiff against Otis and Commercial Union.
AMENDED AND AS AMENDED AFFIRMED.
BLANCHE, J., dissents and hands down reasons.
MARCUS, J., dissents and assigns reasons.
EDWARD A. de la HOUSSAYE, J., dissents for reasons handed down by BLANCHE, J.
BLANCHE, Justice (dissenting).
I respectfully dissent. Whether recovery maybe had either under C.C. art. 2317 or manufacturer's product liability theory, the finding of a defect is common to both. This burden of proof is not met by simply showing an unusual occurrence, but requires that the plaintiff show by a preponderance of the evidence not only that a defect exists but that it caused the injury. The only basis for our finding a defective escalator in Marquez v. City Stores Co., 371 So.2d 810 (La.1979), is found in the following quote from that opinion:
"The fact that this escalator caught this child's shoe is an unusual occurrence in itself which would not have happened had this escalator not been defective ... If this escalator were safe for small children with small feet then James' shoe could not have been caught in this opening." *591 Marquez, supra at 813-14. (emphasis added)
It does not logically follow that because a small child's tennis shoe is found caught in an escalator that the occurrence of that event could only have happened because of a defect in the escalator.
Under either theory of recovery, a defect must be shown, and I am unable to equate "unusual occurrence" with proof of a defect.
MARCUS, Justice (dissenting).
La.Civil Code art. 2317 as interpreted by Loescher v. Parr, 324 So.2d 411 (La.1975), requires proof of a defect or vice. I dissented in Marquez v. City Stores Company, 371 So.2d 810 (La.1979), because I did not consider that the mere occurrence of an accident on an escalator constituted proof the escalator was defective. The same is true here. Therefore, I would dismiss City Stores, Inc.'s third party demand against Otis Elevator Company. And, because City Stores, Inc. did not seek review of the judgment awarding plaintiff damages against it, that judgment is final and cannot be changed. Accordingly, I respectfully dissent.
NOTES
[*] Marcus and Blanche, JJ., would grant a rehearing.
[*] Honorable Edward A. de la Houssaye, III participated in this opinion as Associate Justice Ad Hoc.
[1] The third party demand against Mrs. Hunt was not dismissed, or otherwise decided by the trial court. The Court of Appeal regarded the demand as abandoned and noted, correctly, that there is no evidence of negligence on her part.
[2] Plaintiff Hunt did not appeal from the trial court judgment, which is therefore final as to plaintiff's claim against the manufacturer.
[3] LSA-C.C. art. 2317 provides:

"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."