REDMANN, Chief Judge.
We affirm a directed verdict of dismissal of this action against the manufacturer and two service dealers for damages to plaintiff when the owner-driver of an automobile lost control making a turn and drove onto plaintiff’s lawn, injuring him.
Plaintiff’s theory is that the brakes were defectively made or repaired. The evidence is uncontradicted that, despite the owner’s alleged complaint of their feeling “low,” the brakes always stopped the car during its two years of use before and several days after the accident before it was taken for repair.
Plaintiff presented no expert testimony that would explain how brakes that always worked before and after the accident could have failed in that one instance, or what sort of defect could explain such an occurrence so contrary to common experience.
On the “most favorable” view for plaintiff of the evidence, Ragas v. Argonaut-Southwest Ins. Co., 379 So.2d 822, 823 (La.App. 4 Cir.1980), the jury could not reasonably have concluded that some defect existed which caused the driver to lose control. Because the driver is to so great an extent the controller of an automobile’s direction, speed and stopping, this is not a case like Marquez v. City Stores, 371 So.2d 810 (La.1979), in which the mere occurrence of the accident establishes that there had to be some defect in the instrumentality that caused it.
Affirmed.