428 So.2d 489 (1982)
Jerry J. BENOIT, Plaintiff-Appellant,
v.
RYAN CHEVROLET, General Motors Corp. and Firestone Tire & Rubber Co., Defendants-Appellees.
No. 14954.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1982.
On Rehearing March 30, 1983.
*490 Dimos, Brown, Erskine & Burkett by Donald R. Brown, Monroe, for plaintiff-appellant.
Brown & Wicker by Ralph J. Wicker, Monroe, for defendant-appellee Firestone Tire & Rubber Co.
Hudson, Potts & Bernstein by Jesse McDonald, Monroe, for defendant-appellee General Motors Corp.
James A. Rountree, Monroe, for defendant-appellee Ryan Chevrolet.
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
JASPER E. JONES, Judge.
This is an action for the rescission of the sale of and the return of the purchase price of a 1974 Chevrolet Impala, the cost of a replacement tire, damages for inconvenience, humiliation and mental anguish, attorney's fees and interest. The plaintiff is Jerry Benoit, who purchased the car from defendant, Ryan Chevrolet. The automobile was manufactured by defendant, General Motors Corporation, and equipped by GM with tires manufactured by defendant, Firestone Tire and Rubber Company.
Benoit brought this action against Ryan, General Motors and Firestone after his car was heavily damaged when its right rear tire exploded. After a trial on the merits the district judge rendered judgment rejecting plaintiff's demands. Plaintiff appealed.
On appeal plaintiff sets out five assignments of error. He urges that the trial judge erred in: (1) rejecting his testimony as to how the explosion occurred; (2) concluding the tire exploded while being overspun; (3) failing to render judgment for him due to defendants' failure to warn of the perils of overspinning, (4) concluding there were no redhibitory defects in the car, and (5) finding that he had waived any warranties.

THE FACTS
Plaintiff purchased the new Impala from Ryan Chevrolet on October 3, 1974. On December 24, 1974, when the Impala had been driven approximately 5,000 miles, its right, rear tire exploded with such violence that a large fragment of the tire was propelled through the wheel well, through a second metal panel and into the rear seat of the car where it bent the door frame so badly that the right rear door could not be opened.[1]
How the explosion occurred is the subject of sharp dispute.
Plaintiff was the only occupant of the car at the time of the incident and the only eyewitness to the occurrence. He testified that the explosion occurred as he drove along Louisiana Highway 23, a blacktop surface road, at approximately 35 mph.
The defendants, on the strength of expert evidence and testimony,[2] contend that the tire exploded while being freespun or overspun. *491 An overspin results when the vehicle is in such a position that one of the drive wheels rests on the ground or road surface and the other is not in contact with the ground and the engine is accelerated. The free wheel then turns twice as fast as it normally would with similar acceleration. This subjects the tire to great centrifugal force which causes the violent destruction of the tire.
The district judge found that the tire exploded because of overspinning and rejected plaintiff's demands.

ASSIGNMENT # 1
Through this assignment appellant contends that the trial judge erred in rejecting his testimony as to how the explosion occurred.
Appellant contends that his testimony should have been accepted under the rule of Hoover v. State, 393 So.2d 187 (La.App. 1st Cir.1980). We are in accord with the concept that uncontradicted testimony should generally be accepted but we do not find that rule applicable here.
Plaintiff's testimony was strongly contradicted by defendants' experts. Faced with the contradictory evidence the trial judge accepted that evidence and testimony presented by defendants.
It is fundamental that the assessment of the credibility of witnesses is a matter particularly within the much discretion of the trier of fact. LeBlanc v. Cordaro, 378 So.2d 1027 (La.App.2d Cir.1979). We, who did not have the opportunity to observe these witnesses and hear their testimony, cannot say, on the record before us, that the trial judge abused his discretion in rejecting plaintiff's testimony.

ASSIGNMENT # 2
Through this assignment of error appellant attacks the trial judge's finding that the tire was destroyed by overspinning. That is a factual finding which we may not disturb absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial judge's finding is obviously based on the opinions expressed by defendants' experts. Appellant argues the expert opinions were worthless because they were not sufficiently based on the facts of this case.
The opinion of an expert within whose specialty the subject falls is entitled to greater weight than one whose specialty does not encompass the subject. Williams v. Bituminous Casualty Company, 131 So.2d 844 (La.App.2d Cir.1961). The trial judge's determination of the most credible expert witness and testimony will not be disturbed absent manifest error. Miller v. Harvey, 408 So.2d 946 (La.App.2d Cir.1981).
GM's expert, Vanstenant, has a bachelor's degree in Mechanical Engineering and is a registered professional engineer in Michigan. He has been employed by GM for eighteen and one-half years. For the four years preceding the trial he had been in charge of the research and development group which analyzed the power train including wheels and tires.
Firestone's expert, Leyden, has a bachelor's degree in Chemistry and is a member of the Society of Automotive Engineers. He was employed by Firestone from 1967 to 1976, the last three years in engineering forensics. At the time of the trial he was employed by Smithers Scientific Services, Inc.
Dr. Charles Smith, appellant's expert, is a Professor of Chemistry at Louisiana Tech and has a doctorate in Physical Chemistry. He was employed by United States Rubber Company in the tire industry from 1942 to 1945.
The substance of Vanstenant's testimony is that the tire was destroyed by centrifugal force due to overspinning. Vanstenant's theory was based on damage to the right rear shock absorber mount,[3] the direction in *492 which the tire traveled through the car and the nature of the damage to the tire.
Leyden's report concludes that (1) the tire had less than 10% wear when it failed, (2) the "tire failed via the classic `free spin' mechanism, breaking both beads, in at least two places, in hoop tension" and (3) there were no manufacturing defects in the tire. Leyden's conclusions were based on the radial direction of the tears in the tire and the nature of the damage to the beads, particularly the cone and socket configuration of the broken wires.
Dr. Smith was of the opinion that the tire blew out, became entangled on some part of the car, tore in half and was propelled through the wheel well.[4] As possible causes of the initial blowout Smith mentioned poor adhesion, prior bead damage[5] and overspinning. Smith conceded that the lack of interior damage to the tire from the rim was inconsistent with the typical blowout and consistent with defendants' overspin theory.
Under the rule of Williams, supra, the trial judge correctly gave greater weight to the opinions and conclusions of Vanstenant and Leyden. The evidence adequately supports the trial judge's conclusion that the tire failed during overspinning.
This assignment of error is without merit.

ASSIGNMENT # 4
Through this assignment appellant contends that the district judge erred in failing to find the Impala had a redhibitory vice.
Redhibitory vices are those vices or defects which render a thing unfit for its intended use and which would have caused the buyer not to purchase the thing had he known of them. Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App.3d Cir.1975); Goff v. Dewey Olivier, Inc., 137 So.2d 393 (La.App.3d Cir.1962). To recover in redhibition the buyer must prove that the redhibitory vice or defect existed before the sale, however, he need not prove the exact or underlying cause of the defect. Rey v. Cuccia, 298 So.2d 840 (La.1974).
Plaintiff contends that the tire's poor adhesion constituted a redhibitory vice. The contention that the tire had poor adhesion is based on the testimony of Dr. Smith. Contrary to that was the conclusion in Leyden's report that the tire contained no defects.
The trial judge specifically found appellant failed to prove by a preponderance of the evidence that the tire failed because of any defect. Williams, supra. We agree with the district judge that plaintiff failed to prove the existence of any vice or defect in the tire.
Plaintiff further contends that the wheel well of the Impala was so defective as to constitute a redhibitory vice. The basis for this contention is that the wheel well failed to contain the tire fragment.
This case was the first incident of which GM had knowledge where a tire exploded, pierced the wheel well and entered the passenger compartment of one of its automobiles. Thus, appellant contends that the incident constituted an unusual occurrence which, under the rule of Marquez v. City Stores Co., 371 So.2d 810 (La.1979), by its mere happening proves the car was defective. However, we do not find Marquez applicable under the facts of this case.
Marquez was not a redhibitory action. The court there was not concerned with the possible existence of a vice or defect which rendered the thing unfit for its intended use. The issue was whether or not the escalator which mangled the child's foot contained a vice or defect which posed an unreasonable risk of harm. The court found the occurrence of the injury while the child was using the escalator in the normal and intended way probative of the existence *493 of a defect which posed an unreasonable risk of harm.[6]
Here the tire and wheel well failed while the tire was being overspun. We do not regard overspinning tires as the intended use of the automobile. The evidence is that the wheel well was properly constructed and sufficient for the intended use of the car. That the car failed during an unintended use is not probative of a redhibitory vice or defect, those being vices or defects which render the thing unfit for its intended use.
This assignment is without merit. Due to our conclusion that there were no redhibitory vices it is unnecessary for us to consider Assignment 5 relating to possible waiver of warranties.

ASSIGNMENT # 3
Through this alternative assignment of error appellant contends that he is entitled to recover even if the tire failed during overspinning because of defendants' failure to warn him of the dangers attendant thereto. We agree.
A product is defective if it is unreasonably dangerous to normal use. Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971). Normal use is a matter of foreseeable use. Cobb v. Insured Lloyds, 387 So.2d 13 (La.App.3d Cir.1980). See also LeBouef v. Goodyear Tire & Rubber Co., 623 F.2d 985 (5th Cir. 1980). A manufacturer has a duty to give adequate warning of unreasonable danger involved in the normal use of its product where it knows or should know of that danger and a product sold without such warning is defective. Chappuis v. Sears, Roebuck & Co., 358 So.2d 926 (La.1978); Cobb, supra. See also Amco Und. of Audubon Ins. Co. v. American R. & S. Corp., 329 So.2d 501 (La.App. 1st Cir.1976).
It is clear from the facts of this case that overspinning a tire poses an extreme and unreasonable danger of which both GM and Firestone knew. While the overspinning of tires is not part of their intended use, it is easily forseeable and part of their normal use. Under these circumstances both Firestone, which made the tire, and GM, which incorporated it into its final product,[7] were under a duty to warn plaintiff of the perils attendant to overspinning and there is no evidence that either warned plaintiff of the danger of overspinning. The tire was defective because of their failure to warn. GM and Firestone are responsible to plaintiff for the damages he sustained on account of the defective product[8] if he neither knew nor should have known the danger of overspinning the tire.
Defendants correctly contend that the record contains no evidence concerning plaintiff's knowledge or the lack thereof as to the dangers of tire overspinning. That lack of evidence is of no moment, however, as only persons with technical training on a level similar to that of the expert witnesses who testified herein can be expected to have such knowledge, and plaintiff, who has only an eighth grade education, is not such a person.
As there has been no showing of knowledge of the dangers of overspinning on the part of Ryan, the retailer, there is no liability on its part.
The cost of repair of the car and replacement of the destroyed tire should be allowed as damages. Bailey v. Moore, 276 So.2d 708 (La.App. 1st Cir.1973). The record shows the cost of repairs to be $1,729.68.
*494 The sum of $50.00 is adequate to replace the tire.[9]
To the extent that the judgment rejects plaintiff's demands against GM and Firestone, it is REVERSED and judgment is rendered in favor of plaintiff, Jerry Benoit, and against defendants, General Motors Corporation and Firestone Tire and Rubber Company, in solido, in the amount of $1,779.68 with legal interest from March 6, 1975.[10] Otherwise, the judgment is AFFIRMED. All costs are taxed against defendants General Motors Corporation and Firestone Tire and Rubber Company.
HALL, J., concurs in part, dissents in part.
FRED W. JONES, Jr., J., dissents with assigned reasons.
SEXTON, J., dissents for reasons assigned by FRED W. JONES, Jr., J.
HALL, Judge, concurring in part and dissenting in part.
It is my view that the trial court judgment should be reversed and plaintiff should be awarded damages, and attorney fees, but for reasons other than those expressed in the majority opinion.
Plaintiff testified he was driving his almost new car along the highway at 35 miles per hour when the tire blew out and he brought the car to a stop off the road on the right. He testified that the car had not previously been damaged or abused. The presumption from these facts is that the tire was defective and it was not incumbent upon plaintiff to prove the exact nature of the defect.
Defendants' evidence falls short of successfully rebutting plaintiff's case. Layden's brief report is unconvincing because it does not explain in any detail why his findings from examination of a small part of the tire support his conclusion that the tire failed because of the classic freespin mechanism. Vanstenant testified that the damage to the right rear shock absorber was consistent with the right rear tire being off the highway at the time it exploded, but he also testified that the damage to the shock absorber would be consistent with the car running off the right side of the road after the tire blew out.
The conclusions of defendants' experts are based on the concept that the automobile had been stopped with the right rear tire off the highway and that the motor was then accelerated causing a severe overspin and explosion of the tire. There is absolutely no evidence to indicate that the incident happened in this matter.
I think the accident happened like plaintiff said it did or perhaps he ran off the pavement before the blowout or explosion occurred. Whether the tire came apart as the result of a blowout or explosion from overspinning, the tire was nevertheless defective because it came apart while being used in the intended manner.
I concur in the award of damages to the plaintiff and I dissent to the extent that the plaintiff is not awarded attorney fees against the manufacturer of the defective product.
FRED W. JONES, Jr., Judge, dissenting.
I agree with the conclusion of the majority opinion that there was no manifest error in the trial judge's fact-finding that the accident in question did not happen as claimed by the plaintiff but was due to the overspinning of his tire. That such a determination by the trier of fact, based upon his evaluation of the evidence and assessment of witness credibility, is entitled to great weight is so firmly entrenched as a canon of our jurisprudence that it requires no citation of authority.
Needless to say, the trial court's finding on this critical issue is amply supported by the following significant record evidence:

*495 (1) Report of Layden, the Firestone expert, submitted by stipulation in lieu of his testimony, that there was no manufacturing defect in the tire; that it blew out because of a "classic free spin" mechanism, breaking both beads in at least two places in hoop tension.
(2) Testimony of Vanstenant, automotive engineering expert on GM staff, that the physical damage to the right rear shock absorber indicated, at the time of the tire blowout, the right rear wheel was off the road surfacesupporting the theory of Firestone's expert that the tire probably exploded because of "free spinning"; his further testimony that the direction the tire took up into the wheel house was consistent with the tire literally exploding rather than blowing out, catching on something and being torn into two parts.
(3) Admission of plaintiff's expert, Dr. Charles Smith, that he could not pinpoint the cause of the blowout and that there were three possible causes: prior bead damage, which could have come either from mounting or hitting a pothole in the road; poor adhesion in the manufacturing process; or overspinning of the tire; further admission that poor adhesion is usually on the side of the tire and this would not cause the tire to blow into fragments, as happened here.
In substance, there was no evidence, physical or otherwise, tending to corroborate plaintiff's account of how his tire happened to explode. On the other hand, there was substantial evidence in support of the "free spin" postulate. Consequently, the trial judge correctly concluded that plaintiff failed to prove that the tire was defective.
However, after agreeing with the denial of liability on this basis, the majority proceeds to allow recovery because the defendants did not warn plaintiff of the danger of an occurrence (overspinning)which he denied ever happened!
It is recognized that, though a product contains no defect per se, a manufacturer must give warning of any danger inherent in the product's normal use which is not within the knowledge of an ordinary user. Hebert v. Brazzel, 403 So.2d 1242 (La.1981); Chappuis v. Sears, Roebuck & Co., 358 So.2d 926 (La.1978).
"Normal use" encompasses all reasonably foreseeable uses of a product. Amco Underwriters v. American Radiator & Standard Corp. 329 So.2d 501 (La.App. 1st Cir. 1976).
In the context of this jurisprudence, a plaintiff who sues to recover damages for "failure to warn" has the burden of proving that an accident occurred when he was engaged in a foreseeable use of the product and that he had no knowledge of the danger.
Specifically, in this case, if plaintiff had sued these defendants for damages because he was not warned of the danger of overspinning his tire, it would not have sufficed for him to simply offer expert testimony to show that the tire exploded due to overspinning. Rather, it would have been incumbent upon him to present evidence relating to the nature (duration, severity, etc.) of that overspinning in order to establish that this was a reasonably foreseeable use of the tire.
Further, placed on notice by the allegations of plaintiff's petition, defendants would have been afforded an opportunity to present rebutting evidence, i.e., that the use was not foreseeable or that plaintiff had knowledge of the danger. The ruling of the majority deprives defendants of that opportunity, thus offending basic principles of justice.
In essence, the majority seems to hold that, regardless of the extent to which plaintiff might have abused his tire by overspinning, this was a reasonably foreseeable use of the product! The untenability of that proposition appears patent on its face.
For these reasons, I respectfully dissent.
SEXTON, J., dissents for the reasons assigned by FRED W. JONES, Jr., J.

*496 ON REHEARING
PER CURIAM.
Rehearing was granted upon applications by both plaintiff and defendants. We have again considered all the contentions of the parties. All members of the panel adhere to the views they have previously expressed. Therefore, we adopt and reinstate the opinion of Judge Jasper E. Jones as the opinion of the court. Judge Hall concurs in part and dissents in part for the reasons previously expressed. Judge Fred W. Jones dissents for the reasons previously expressed and Judge Sexton dissents for the reasons assigned by Judge Fred Jones.
NOTES
[1] The "C" shaped fragment was approximately one-half the tire. The fragment came to rest protruding through the fabric of the right side of the rear seat.
[2] GM's expert, Arthur Vanstenant, testified in person. By agreement of counsel a written report prepared by Firestone's expert, Jerry Leyden, was placed in evidence in lieu of delaying the trial in order to obtain his testimony.
[3] Vanstenant testified that this damage was consistent with the vehicle being positioned with the right rear wheel off the surface of the road and the weight of the car resting on the mount. In such a position an overspin of the right rear tire would result if the engine were accelerated.

However, Vanstenant admitted on cross examination that this damage is also consistent with appellant's testimony that he steered the vehicle onto the shoulder of the road after the explosion.
[4] Vanstenant found the nature of the damage to the tire inconsistent with Smith's theory.
[5] The prior bead damage could be the result of improper mounting or road hazards.
[6] The occurrence of the injury in the Marquez case would have been probative of a redhibitory defect, as well, as the escalator failed during its intended use.
[7] One's status as a manufacturer is not altered by the inclusion in his product of parts produced by others. Spillers v. Montgomery Ward & Company, 294 So.2d 803 (La.1974); LeBouef v. Goodyear Tire & Rubber Co., 623 F.2d 985 (5th Cir.1980).
[8] The failure to give an adequate warning permits the presumption that such warning would have avoided the accident. Wolfe v. Ford Motor Co., 6 Mass.App. 346, 376 N.E.2d 143 (1978).
[9] The plaintiff cannot recover attorney's fees because his alternative demand is not one in redhibition.
[10] One of the judges on the original panel which heard this case dissented from the decision to reverse the judgment of the district court and, thus, this case was reargued before a panel of five. See LSA-Const. Art. 5, § 9.