FRED W. JONES, Jr., Judge.
Plaintiff appealed a judgment rejecting his claim for damages for personal injuries allegedly sustained while servicing a gas well owned and operated by Arkla Exploration Company (“Arkla”), contending the trial jury erred in failing to find the defendant liable either on the basis of strict liability or on the ground of negligence.* For the reasons hereinafter set forth, we affirm.

Factual Context

Arkla contracted with Petrolite Corporation (“Petrolite”) to service its “Pruitt No. 1 Well”. On August 20, 1982, plaintiff Valentine, an employee of Petrolite, went to the well site in rural Webster Parish to treat the wellhead with corrosive inhibiting chemicals. Plaintiff was unable to service the well from ground level because the top of the wellhead was eight feet six inches (8' 6") above the ground. In addition, this particular “Christmas tree” had no ladder or scaffolding allowing access to the top of the wellhead.
In order to perform his duties, plaintiff backed his service truck up to the “Christmas tree” and placed one foot on the truck’s toolbox and the other on a pipe attached to the wellhead. While in the process of removing an inoperative valve and gauge with a wrench, plaintiff slipped and injured his right knee.

Strict Liability

Plaintiff contends the “Christmas tree” was a defective thing in defendant’s custody-
A thing is defective if it presents an unreasonable risk of harm to others in its normal or ordinary use. Myers v. Ford Motor Company, 486 So.2d 1030 (La.App. 2d Cir.1986); Ross v. Lewis, 446 So.2d 1322 (La.App. 2d Cir.1984). “Reasonableness” is determined by balancing the probability and magnitude of the risk against the utility of the thing. Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980).
John T. Butters, an expert in safety engineering, testified the wellhead provided an unreasonably hazardous environment in which to work because of improper access. In the alternative, if the owner elected not to provide a ladder or platform on which to work, then it would have been technically and economically feasible to place parts of the “Christmas tree” where they could be worked on from the ground. He felt the designer, owner and operator, not the service company employee, should be respon *1311 sible for the wellhead’s design and supplying any necessary access structures. Butters was of the opinion the “Christmas tree” maintained by Arkla was defective and posed an unreasonable risk of harm for persons, like plaintiff, who were called upon to service this particular wellhead.
Thomas Pendleton, an expert in oilfield safety, testified Arkla wells are constructed without an “open cellar”, a large hole around the base of the well, or any permanent scaffolding because the valve assemblies are relatively low, allowing the well to be serviced from the back of a vehicle driven up to the well site. Pendleton and David Wright, a petroleum engineer, both testified the well would present serious public safety risks if it was equipped with a fixed industrial ladder. The easy access would encourage tampering by hunters or children who may be injured.
The jury concluded that Arkla balanced the public safety needs against the safety needs of those who worked at the well site and designed the wellhead in a reasonable manner. We agree with the jury that this well was not proved defective. Providing “easy access” to the wellhead for service company employees would also provide easy access for children. Tampering with a “Christmas tree” capable of exerting pressure of 5000 pounds creates a great potential for serious injury.
The jury did not err in failing to find defendant liable on the basis of strict liability.

Negligence

Plaintiff contends Arkla failed to provide him a safe place to work. Plaintiff argues several industry safety standards concerning proper access to the “Christmas tree” were violated.
Even assuming there was a duty owed to the service company’s employee, Arkla did not breach that duty. As previously discussed, Arkla was not unreasonable in the design of the wellhead. The jury did not err in concluding Arkla was free of fault.

Decree

For the reasons set forth, the judgment of the district court is affirmed, at appellant’s cost.

 Defendant answered the appeal contending that if this court should overturn the judgment rendered in its favor, then the trial court erred in not granting its motions for summary judgment and directed verdict. As plaintiffs statutory employer, Arkla claimed immunity from tort actions under the Louisiana Workers Compensation Act, specifically La.R.S. 23:1032 and 1061. Due to our resolution of the other issues on appeal, we need not address this question.