499 So.2d 199 (1986)
Timothy S. STRICKLAND and Renee Strickland, Plaintiffs-Appellants,
v.
Marvin D. FOWLER, Rodney Eugene Fowler, State Farm Fire & Casualty Company and Sturm, Ruger & Co., Inc., in Solido, Defendants-Appellees.
A.D. JONES and Ruth Jones, Plaintiffs-Appellants,
v.
Ben WEBBER and Smith & Wesson, in Solido, Defendants-Appellees.
Nos. 18113-CA, 18163-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
Writ Denied December 19, 1986.
*200 C. William Gerhardt, Shreveport, for plaintiffs-appellants, Timothy S. Strickland and Renee Strickland, A.D. Jones and Ruth Jones.
Gold, Little, Simon, Weems & Bruser by Henry B. Bruser, III, Alexandria, for defendants-appellees, Smith & Wesson and Sturm, Ruger & Co., Inc.
Wildman, Harrold, Allen & Dixon by James P. Dorr, Anne G. Kimball, Aimee B. Anderson, Chicago, Ill., for defendants-appellees, Smith & Wesson and Sturm, Ruger & Co., Inc.
Before MARVIN, SEXTON and NORRIS, JJ.
SEXTON, Judge.
This appeal involves two similar products liability suits. The plaintiffs-appellants in each case appeal from the judgment of the trial court granting the defendant gun manufacturers' peremptory exceptions pleading no cause of action. We affirm.
The plaintiffs in both cases are victims of shootings. In the first case, the plaintiffs, A.D. Jones and Ruth Jones, filed suit against Ben Webber and Smith & Wesson, defendants in solido. The plaintiffs asserted that Ben Webber went to A.D. Jones' place of employment on March 10, 1982 and intentionally shot the plaintiff without provocation or justification with a certain.38 caliber snubnosed pistol designed, manufactured and distributed by the defendant, Smith & Wesson. As a result of the shooting, Mr. Jones suffered a direct trauma to the spinal cord which rendered him a paraplegic.
A.D. Jones brought suit seeking damages totalling $7,500,000.00 for past and future medical expenses, special equipment expenses, past and future loss of wages, loss of earning capacity, past and future pain and suffering, mental anguish, and permanent injury. His wife, Ruth Jones, also sought $1,500,000.00 for loss of love, affection and consortium.
In the second case, the plaintiffs, Timothy S. Strickland and Renee Strickland, filed suit against Marvin D. Fowler, Rodney E. Fowler, their insurer, and Sturm, Ruger & Company, Inc. The plaintiffs asserted that the defendant, Marvin D. Fowler, went to Timothy S. Strickland's home on June 30, 1982 and pointed a .357 Ruger Blackhawk pistol at various people in the room "in a grossly negligent fashion when, suddenly, it went off and struck the petitioner, Timothy S. Strickland." The .357 Ruger Blackhawk pistol was designed, manufactured and distributed by the defendant, Sturm, Ruger & Company, Inc. Timothy S. Strickland suffered permanent crippling and disabling injuries and partial paralysis as a result of the shooting.
Mr. Strickland brought suit seeking damages totalling $8,000,000.00 for his injuries. His wife, Renee Strickland, also sought damages totalling $2,500,000.00 for loss of love, affection and consortium.
In both cases, the plaintiffs alleged that a cause of action existed against the gun manufacturer because:
The weapon described was marketed by said defendant is unreasonably dangerous to consumers, bystanders, and the general public in that the risk of foreseeable harm associated with marketing the product to the general public greatly outweighs any socially acceptable utility.[1]
*201 The defendant gun manufacturers each filed peremptory exceptions of no cause of action and the trial courts sustained the exceptions and signed judgments on December 4, 1985. Devolutive appeals were timely taken by plaintiffs in both cases and these cases were consolidated by this court.
It is important to note that the plaintiff, Strickland, who alleged an accidental rather than intentional shooting, makes no assertion that the gun itself contained an unintended abnormality, structural defect, or design defect which makes the gun more dangerous than it was designed to be. Therefore, both cases present the identical issue of whether or not the manufacturing and marketing of handguns to the general public is, per se, an ultrahazardous activity or gives rise to a products liability cause of action.
The trial courts in both cases noted that the United States Fifth Circuit Court of Appeals addressed this identical issue in the recently decided consolidated cases in Perkins v. F.I.E. Corporation, 762 F.2d 1250 (5th Cir.1985). These cases involved personal injury or wrongful death claims against gun manufacturers as a result of gunshot wounds sustained by crime victims. In Perkins, summary judgment for the gun manufacturer was affirmed, and in Richman v. Charter Arms Corporation, supra, the companion case, the decision was reversed and remanded with orders to enter a summary judgment for the manufacturer. Finding the Fifth Circuit's decision persuasive, the trial courts in the instant cases held that the law does not afford any remedy against a gun manufacturer under the allegations contained in their second amended petitions, presently on appeal. Thus, the trial courts sustained the Exceptions of No Cause of Action in each of these cases.
The plaintiffs in both cases contend that there is a cause of action and, therefore, the trial courts wrongfully granted the Exceptions of No Cause of Action. In support of this contention, the plaintiffs rely on the district court opinions in Richman v. Charter Arms Corporation, 571 F.Supp. 192 (E.D.La.1983), and Kelley v. R.G. Industries, Inc., 304 Md. 124, 497 A.2d 1143 (1985).
In Richman, a murder victim's mother brought a wrongful death action against a manufacturer of a handgun used in the killing, seeking to recover on strict liability theories of an unreasonably dangerous product and ultrahazardous activity. The Richman district court ruled that the plaintiff had no basis for recovery under Louisiana products liability law but denied the manufacturer's motion for summary judgment under an ultrahazardous activity theory. The federal appellate court certified the controlling legal questions to the Louisiana Supreme Court which declined to accept certification at 460 So.2d 1039.
Thus, in Perkins v. F.I.E. Corporation, supra, the United States Fifth Circuit Court of Appeals specifically reversed Richman in a well-reasoned opinion.
Just as our learned trial brothers below, we find the decision quite persuasive. After an extensive analysis of products liability theory and ultrahazardous activity theory, the court concluded that, as a matter of law, the plaintiffs could not recover from the gun manufacturers:
The marketing of handguns to the general public falls far beyond the boundaries of the Louisiana doctrine of ultrahazardous activities. It is not an activity related to land or other immovables, and the injuries of which the plaintiffs complain were not caused by the marketing itself, but rather result only when there is substandard conduct on the part of third parties. Whether an activity should be classed as "ultrahazardous" is a question of law, and we hold that the plaintiffs in this case cannot recover under that theory.
The plaintiffs have not alleged that there was anything functionally wrong with the handguns causing the injuries in *202 these cases. Because the guns functioned precisely as they were designed, and because the dangers of handguns are obvious and well-known to all members of the consuming public, we hold that the plaintiffs cannot recover, as a matter of law, under Louisiana products liability law, either under the consumer expectation test of De Battista or under the risk/utility test of Hunt.[2]Id. at 1275.
The plaintiffs' second, and final, citation to authority is to the Maryland opinion in Kelley v. R.G. Industries, Inc., supra. The plaintiffs rely on the limited holding in Kelley which stated that under certain circumstances the manufacturer and distributer of a particular category of handguns known as "Saturday Night Special" could be held liable for injury inflicted through the criminal misuse of those handguns. This case is distinguishable since the Kelley ruling pertains to a separate category of firearms unrelated to the firearms at issue here.
Moreover, the Kelley opinion supports the position of the instant defendant gun manufacturers because the court specifically held that "the abnormally dangerous activity doctrine does not apply to the manufacture or marketing of handguns." Id., 497 A.2d at 1147. Additionally, the court noted that the decision of other jurisdictions supported this view citing Perkins, supra, with an explicit reference to that court's reversal of Richman v. Charter Arms Corporation, supra.
In conclusion, we find the well-reasoned opinion of Perkins persuasive and determine for the reasons expressed therein that the allegations of the instant plaintiffs do not state a cause of action under the principles of law bearing on tort products liability. In so determining, we are mindful of the Louisiana Supreme Court's recent exposition on per se unreasonably dangerous products in Halphen v. Johns-Manville Sales Corporation, 484 So.2d 110 (La. 1986). We find nothing in that opinion which assists the position of plaintiffs here. For the reasons expressed, the respective trial court rulings on the exceptions of no cause of action here appealed are affirmed.
AFFIRMED.
NOTES
[1] The seminal allegation of each cause of action from the second amended petitions was identically stated as above. There were other more extensive allegations in the first amended petitions and the main petitions which are summarized by the above quotation.
[2] The cases referred to are De Battista v. Argonaut-Southwest Insurance Company, 403 So.2d 26 (La.1981) and Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980).