442 So.2d 625 (1983)
William Floyd McGEE, et al.
v.
Robert McCLURE, et al.
No. 83 CA 0161.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Writ Denied January 27, 1984.
Pete Lewis, New Orleans, for plaintiffs, appellants.
Albert H. Hanemann, Jr., New Orleans, for defendants, appellees.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court consistent with a jury verdict in favor of defendants Robert McClure and Peninsular Fire Insurance Company and against the plaintiffs William Floyd McGee and Vanessa Parker McGee.
On the afternoon of July 5, 1980, William and Vanessa McGee left their almost two year old son Jared at the house of Larry and Michele McGee for the day. Larry *626 McGee is William McGee's brother. He and his wife Michelle had agreed to babysit young Jared while his parents went to New Orleans. Later in the afternoon, Larry McGee took Jared outside with him in the backyard while he did some work. Larry returned inside the house for a period of 5-10 minutes to use the restroom, leaving Jared alone in the unfenced backyard. When he returned, Jared was missing. After an extensive search, Larry found that Jared had drowned in a pond across the road from the McGee's house on property owned by defendant, Robert McClure.
The McClure property was entirely fenced and the gate was normally locked. On that day it was left open for a period of 15-30 minutes while Mr. McClure and some workmen attempted to start McClure's car by pushing it down the road.
Mr. and Mrs. McClure were in the commercial bird business and had various types of exotic birds on their property, mostly in cages. The pond in which Jared drowned was one of two ponds on the property. In order to reach the pond, Jared had to walk around the McGee's house and approximately 100 feet down the road to the McClure's gate and then walk approximately 100 feet further to get to the pond.
After the accident, William and Vanessa McGee entered into a settlement agreement with Mr. and Mrs. Larry McGee and their insurer for the sum of $25,000 and released them from liability for Jared's death. The plaintiffs then brought suit against Robert McClure and his insurer claiming that the defendants were strictly liable for the unreasonably dangerous condition of the premises under La.C.C. art. 2317 and were also negligent under La.C.C. art. 2315 for having an attractive nuisance on their property.
The case was tried by jury on August 30, 1982, in Covington, Louisiana. Prior to closing statements the judge informed the attorneys that he would instruct the jury on the law of attractive nuisance, but did not find the strict liability of La.C.C. art. 2317 applicable to the case and would refuse to give the strict liability charge requested by plaintiffs. The jury returned a unanimous verdict finding Robert McClure not liable for Jared McGee's death. Subsequently, judgment was rendered in the defendants' favor. From that judgment plaintiffs appeal listing as their sole assignment of error the failure of the trial judge to give the requested strict liability jury charge.
Appellants argue that the court omitted an "applicable essential legal principle" by failing to give the strict liability charge to the jury and that such constitutes reversible error. We disagree.
It was the opinion of the trial judge in the case before us that the McClure's pond did not present an unreasonable risk of harm to Jared McGee, and that reasonable minds could not differ on that point. Consequently, the trial judge refused to give the strict liability charge. Without deciding the question of whether the instruction should have been given, the facts fully support a finding of no liability in this case. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
As the appellant points out, before it can be concluded that the pond created an unreasonable risk of harm to young Jared, the trier of fact must balance the probability and magnitude of the risk against the utility of the thing to the owner. Entrevia v. Hood, 427 So.2d 1146 (La. 1983); Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980). Based upon the facts presented at trial the probability of a two year old drowning in the McClure's pond was extremely slight. The McClure's property was located in a rural, fairly unpopulated area and was entirely fenced in, with a gate that was generally closed. Prior to the accident, the McClures had never had any problem with persons coming onto the premises. Neither did they have any reason to suspect that a two year old child was staying with the McGees that day and would be allowed to roam unsupervised for as long as ten minutes. Chances are that any child young enough to drown in a *627 shallow pond would be closely watched by some adult.
The gate to the McClure property had only been open for a short time that day while the driveway was being used to start a car. The pond was not deep and had sloping sides. There is also some evidence that suggests that the pond Jared drowned in was not visible from the road by a child of Jared's height due to the foliage along the fence and tall grass along the pond's edge. Most of the birds were caged in the back of the property and out of Jared's sight. Of the few birds that did run free, there was no evidence that Jared saw or heard them. The testimony was that the only birds allowed to roam free were peacocks which had lost their colorful plumage for the season and were prone to stay under the trees unobservable during the heat of the day. Therefore, the facts reveal that the chance that a small child would wander on the McClure property and drown was very slight.
Balancing the small risk of someone drowning with the social utility of the pond, we find that the commercial and aesthetic value of the pond to the McClures outweighs the probability of harm. Immediately prior to the accident, the McClures used the pond primarily for personal enjoyment, but in the recent past had used the pond to raise water fowl commercially.
Therefore, based on the foregoing facts, we agree with the trial judge that the McClure's pond did not present an unreasonable risk of harm.
For the reasons assigned we affirm the judgment of the trial court. All costs are to be paid by the appellant.
AFFIRMED.