ELLIS, Judge:
This is a suit for damages allegedly caused by a highway drainage outlet crossing the property of plaintiff, Dr. Floyd W. Turner. Defendant is the Louisiana Department of Highways. An exception of no cause of action was filed to the original petition. The exception was sustained, and plaintiff was given 20 days to amend his petition. A supplemental and amended petition was then filed, to which the Department filed an exception of prescription, as well as various other objections to the sufficiency of the petition. After a hearing, judgment was signed, sustaining the exception of no cause of action first filed, and dismissing plaintiff’s suit. From that judgment, plaintiff has appealed.
The well pleaded allegations of fact in plaintiff’s petitions, which, for the purposes of the exception of no cause of action, must be accepted as true, are as follows :
Plaintiff is the owner of a tract of land in Ascension Parish, fronting 180 feet four inches on the Donaldsonville-Napoleonville Highway, and running back between par *842 allel lines to Bayou Lafourche. Plaintiff acquired the property from Louis Boud-reaux in 1973.
A drainage outlet, running from the highway to the bayou, was constructed across the property by the Department of Highways while Mr. Boudreaux owned the property. The Highway Department built the drainage outlet without “right or consent.”
As a result, plaintiff alleges he has suffered loss of part of his property by erosion, loss of use of part of the property, and a diminution of the value thereof; has incurred expenses in attempting to prevent further erosion, and suffered various other injuries.
Alternatively, he alleges that, if the Department has a servitude of some other species of right to cross his property, it has failed properly to maintain the outlet, and has caused him the same damages outlined above.
 The Department bases its exception of no cause of action on R.S. 48:223, which provides, in part:
“The department may construct canals, ditches, or drains sufficient in its judgment to properly drain any highway embraced in the system of state highways constructed or to be constructed through any lands of private persons. The rights of way for these canals may be acquired in the same manner and on the same basis of compensation as provided for acquiring rights of way for highways.”
It is argued that the above statute does not obligate the Department to maintain its drainage outlets. We interpret the foregoing as a grant of authority to the Department rather than a limitation of its responsibility for improper conduct. Under the provisions of R.S. 48:21, it is a function of the Department to maintain and repair the public highways. Under R.S. 48:1(11), a drainage outlet, as an appurtenance necessary to the highway, is as much a part thereof as is the roadbed. We are of the opinion that if a person is injured as a result of a failure by the Department to fulfill this duty, the Department will be liable in damages.
We think this is true whether the damage results from an alleged trespass or if the Department enjoys some species of right to cross the property of the injured party.
We readily concede that the petitions filed herein are vague in several respects, but we are of the opinion that plaintiff has alleged a cause of action.
The exception of prescription was heard, and some evidence was offered in support thereof. The Department points out that the suit was brought more than one year after plaintiff acquired the property, and that the allegations of the petitions show that the outlet was installed while Mr. Boudreaux owned the property. It is claimed that prescription began to run when the outlet was installed. We note, however, that the record is devoid of any evidence or allegations tending to show when the damage was sustained. If the prescription of one year applies, as contended by the Department, it is their burden to prove that more than one year has elapsed since the injury happened, and they have not done so. We therefore find no merit in the exception of prescription.
The judgment appealed from is reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. The Department shall pay the costs of this appeal for which they may be liable under the law. All other costs shall await final disposition of this case on its merits.
Reversed and remanded.