533 So.2d 1048 (1988)
Elnora GRIFFIN
v.
The CITY OF NEW ORLEANS.
No. 88-CA-0578.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
Philip C. Ciaccio, Jr., Asst. City Atty., Okla Jones, City Atty., Don Hernandez, Deputy City Atty., New Orleans, for appellant.
Clyde A. Ramirez, Ivan D. Warner, III, Patricia D. Miskewicz, New Orleans, for appellee.
Before BARRY, KLEES and BYRNES, JJ.
BYRNES, Judge.
The City of New Orleans (City) appeals a judgment granted by the trial court to Elnora Griffin for personal injuries suffered from a slip and fall when she stepped into a hole measuring 1 ½ inches by 18 inches between the cement and iron grating on the pedestrian down ramp of the Broad Street Overpass on October 18, 1985.
Plaintiff Elnora Griffin filed suit in forma pauperis on February 28, 1986, against the City of New Orleans under the theories of strict liability pursuant to La.C.C. art. 2317 and negligence for failure to inspect and maintain its property. The City filed a third party demand against the Louisiana Department of Transportation and Development (DOTD) for indemnity or alternatively, contribution. Thereafter, plaintiff filed a supplemental petition naming DOTD as solidary tortfeasor with the City, and DOTD filed its answer and cross claim against the City. On November 30, 1986, the district court proceeded to trial after deferring a ruling on DOTD's motion for summary judgment based on the State's lack of ownership or control of the overpass. On December 2, 1986, the trial court rendered judgment in favor of Elnora Griffin in the amount of $14,500 for pain and suffering, and $594.12 for medical expenses, totalling $15,094.12 with interest and all costs, dismissing all other demands. The City of New Orleans suspensively appealed the judgment of the trial court.
The issue on appeal is whether the City, a public entity, can be held liable in negligence or strict liability under La.C.C. Art. 2317 as limited by La.R.S. 9:2800 (Act 454 *1049 of 1985), effective July 12, 1985, which applies to plaintiff's case and states:
Limitation of Liability for public bodies
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
Under the provisions of La.R.S. 9:2800, it is incumbent upon plaintiff to provide proof not only that a defect on city property caused the injury but also that the City had actual or constructive notice of the defective pedestrian walkway.
Relative to lack of actual notice, the City introduced the trial testimony of Michael Donnelly, employed for twenty years with the Department of Streets of New Orleans as a field coordinator at the time of the accident and supervisor at the time of trial. Mr. Donnelly's testimony indicated that the supervisors had control of certain maintenance areas of the City. The Department responded to requests, receiving and investigating complaints filed with that office and the City Attorney's office. About 100-200 complaints were received daily and saved in storage for five to six years. Complaints were received by mail or by phone, and a work order was written for each phoned complaint made. Mr. Connelly testified that he researched the files and could find no complaints existing concerning the pedestrian down ramp or the Broad Street Overpass. Plaintiff has provided no showing of actual notice to the City that there was a hole or defective condition of the pedestrian ramp.
For recovery on a claim of negligence, plaintiff must also establish that the City had actual or constructive notice of the existence of the defective condition. In Garrett v. Sewerage & Water Board of New Orleans, 235 So.2d 164, 165 (La.App. 4th Cir.1970), this court found that plaintiff was not entitled to recover where she stepped on a metal storm drain catch basin cover belonging to the New Orleans Sewerage and Water Board. In finding that plaintiff failed to carry its burden of proof of negligence, we stated:
In order for a public body ... to be held liable for injuries caused by defects or defective conditions the plaintiff has the burden of pleading and showing the following: (1) such defects or conditions were patently dangerous or in the nature of a trap; (2) the corporation had either actual or constructive notice, actual notice being knowledge of the dangerous defects or conditions by a corporate officer or employee having the duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities, and constructive notice being the fact that the defect or condition had existed for such a period of time it would have been discovered and repaired if the public body had exercised reasonable care.
In Jones v. The City of Baton Rouge, Etc., 388 So.2d 737, 739 (La.1980), the Louisiana Supreme Court held that:
[A] municipality has a duty to correct a dangerous street or highway condition where that condition was not actually caused by the negligence of its own employeesonly *1050 if it has actual or constructive notice of the existence of the condition. Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975). Because plaintiffs could prove neither that defendants had actual or constructive notice of the dangerous condition, nor that defendants' employees caused the condition, they could not hold defendants liable on the ground of negligence.
In the present case there is no proof that the defect existed for such a period of time prior to the accident to have been discovered and repaired if the City had exercised reasonable care. In Shipp v. City of Alexandria, 395 So.2d 727, 729 (La.1981), the Louisiana Supreme Court held that strict liability did not apply in such a situation, emphasizing that "[t]he fact that [plaintiff] fell does not elevate the condition of the street to that of an unreasonably dangerous vice or defect." It would be unreasonably burdensome to require the City to make daily inspections of all city sidewalks.
The government interest in providing public walkways and the unreasonable burden of continuous inspections outweigh the risk of harm incurred by Elnora Griffin. Plaintiff has failed to prove that the City had actual or constructive notice of the defect on its property which caused the injury as required by La.R.S. 9:2800 for strict liability or alternatively negligence to apply. Therefore, the judgment rendered by the trial court is reversed.
REVERSED.