PLOTKIN, Judge.
Plaintiff Rose Casbon Oster appeals a bifurcated trial court judgment which held that defendant, Louisiana State Department of Transportation and Development (DOTD), is not liable under either strict liability or negligence for injuries suffered by plaintiff’s minor son when the off-road dirt bike he was driving ran into a drainage ditch in the right of way of Judge Perez Highway (Louisiana Highway 39) in St. Bernard Parish, on property owned and maintained by the DOTD. We reverse. Facts:
Gernard Anthony Casbon Jr. suffered severe injuries to his leg on April 5, 1987 when his dirt bike ran into a drainage ditch on the river side of Judge Perez. Gernard and another minor, Daniel Ponson, had driven the dirt bike to the store to buy cigarettes and were in the process of returning to Daniel’s house at the time of the accident. At trial, both boys stated that they were crossing Judge Perez Highway when they noticed two other off-road vehicles on the river side of the highway. At that time, they approached the other vehicles to find out whether they knew the drivers, even though they had never driven the dirt bike on that side of the highway previously. The dirt bike was travelling in the opposite direction from vehicular traffic on that side of the highway at some 30 to 40 miles per hour. Both boys testified that they were following a “trail,” which consisted of high grass that had been “bent *717 down,” when they encountered the ditch. The boys stated that they were unable to detect the presence of the ditch in time to divert the accident because the grass in the area was about one and one-half feet tall. Gernard testified that he locked up the brakes, but that the dirt bike fell into the ditch. Daniel was thrown clear of the bike and landed, unharmed, somewhere close to the top of the ditch. Gernard flew over the handlebars and landed at the bottom of the ditch; the dirt bike landed on top of his leg.
Expert testimony presented at trial established that the ditch was six and one-half feet deep at its deepest point and 20 feet plus wide at its widest point. The pictures presented at trial reveal that at the point where the accident occurred, Judge Perez Highway is a four-lane thoroughfare with a median. The riverside of the thoroughfare consists of two northbound lanes plus an adjacent emergency lane which is 10 feet wide. The ditch begins approximately seven feet off the emergency lane of the highway, about 17 feet from the right travel lane.
It is uncontested that the ditch in question is located on property owned and maintained by the DOTD. The exhibits and the testimony presented at trial established that the state’s right of way extends 20 feet from the edge of the emergency lane. There was also extensive testimony concerning the “clear zone,” defined as an area designed to give an automobile space to recover if it runs off the roadway. The “clear zone” extends 72 feet from the center line of the highway. In this case, approximately two feet of the ditch where the accident occurred was within the “clear zone.” The point of entry identified by the plaintiffs son is outside the clear zone, but within the right of way. The ditch is marked by a hazard marker which faces the direction of automobile travel.
Other testimony presented at trial established that the grass in the area of the ditch was at least one and one-half feet tall at the time of the accident and that the grass in the ditch itself was even with the other grass in the area, making the ditch virtually impossible to detect from any distance. The plaintiff’s expert land surveyor and accident reconstructionist, Gene B. Moody, stated that grass should be maintained at eight inches tall according to the DOTD’s Standard Manual and Maintenance Manual. Additionally, the expert testimony established that the DOTD has a policy of hand cleaning ditches so that they remain visible. Daniel testified that the grass was cut two or three days after the accident.
Plaintiff brought suit on behalf of herself and her minor son against St. Bernard Parish and the DOTD. Prior to trial, she voluntarily dismissed the suit against St. Bernard Parish and went to trial on the issue of liability against DOTD only. After a two-day trial, the judge dismissed plaintiff’s suit. In his cursory reasons for judgment, the judge held that the ditch in question did not pose an unreasonable risk of harm to the plaintiff’s minor son and that the DOTD had “no duty to protect Gernard Casbon from being injured by falling in the ditch while riding a dirt bike.” Plaintiff appeals on those two issues, claiming that the DOTD should be held liable for her son’s injuries under strict liability and/or negligence theories.

Applicable law

In Louisiana, defendants may be held liable for damages caused a plaintiff under two theories: strict liability, based on La. C.C. art. 2317, and negligence, based on La.C.C. art. 2315. Although the two causes of action are separate in theory, recent jurisprudence has blurred the line, emphasizing the similarities between the two. In combination, the two articles “impose[] responsibility on a person not only when his negligence causes damage, but also when the person has a legal relationship with a person, a thing or an activity which causes damage.” Kent v. Gulf States Utilities Co., 418 So.2d 493, 496 (La.1982). Under the current jurisprudence, the only true distinction between the two causes of action lies in the analysis of the duty owed by the defendant. Jones v. Aetna Casualty & Surety Co., 430 So.2d 1134 (La.App. 1st Cir.1983), citing Hunt v. City Stores, Inc., 387 So.2d 585, 588 (La. *718 1980). Under either theory of liability, the plaintiff bears the burden of proving the following:
(1) the property which caused the damage was in the custody of the defendant;
(2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and (3) the defect in the property was a cause-in-fact of the resulting injury-
Carter v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1st Cir.), writ denied 462 So.2d 1248 (La.1984), citing Hunt, supra. In the instant case, only the second of the three elements is contested.

Unreasonable risk of harm

In the instant case, the trial judge found that, as a matter of law, the ditch in question did not pose an unreasonable risk of harm. We disagree.
In a somewhat factually similar case, Lewis v. DOTD, 436 So.2d 1305 (La.App. 4th Cir.1983), this court held that the DOTD was liable to a plaintiff injured when he fell into an open manhole on an interstate highway median. The court found that the following facts were sufficient to meet the requirements of La.C.C. art. 2317:
1.) a dangerous condition existed on the property: i.e. the concealed open manhole; 2.) plaintiff encountered this danger; 3.) the State Department of Transportation had control over the area and was responsible for cutting the grass and replacing missing manhole covers; and 4.) the area had been used by other pedestrians in the past.
Id. at 1306. Similar factual evidence was presented in the instant case.
The reasonableness of the risk of harm to persons is determined by balancing the probability and magnitude of the risk against the utility of the thing. Hunt, supra, 387 So.2d at 588. The plaintiff in the instant case argues that the ditch which caused her son’s injuries was unnecessary because of some confusing testimony concerning a dual drainage system at the site of the accident; however, the testimony presented fell far short of proving that the ditch was not needed to properly drain the area and prevent the presence of water on the roadway. Thus, the utility of the ditch itself is presumed to be great. However, the instant case involves an extremely large drainage ditch which has been concealed by grass and weeds because of the DOTD’s failure to properly maintain the area. Thus, our analysis of the utility of the thing which caused the injury must be tempered by recognition of the fact that the tall grass and weeds served no useful purpose whatsoever. In fact, just as the defective condition in the Lewis case was described as a “concealed open manhole,” the defective condition in this case must be described as a “concealed drainage ditch,” a thing which has only limited utility.
Perhaps more importantly, the probability and magnitude of the risk presented by the concealed drainage ditch was great. The record establishes that the area where the accident occurred is an urban area, largely residential in nature. Thus, various types of traffic off the shoulder of the road where the accident occurred could be expected. People who live in residential areas regularly use the area adjacent to the roadways while moving from place to place, for walking, jogging, riding bicycles, etc. Such off-road travelers regularly move against the flow of the traffic; in fact, it is considered safer to walk in that direction so that vehicles are not approaching from the back. Therefore, the presence of traffic in the area where the ditch is located was not only foreseeable, but inevitable. Additionally, the record contains uncontroverted evidence that off-road motor vehicles like the one being ridden by the plaintiff's son at the time he was injured frequent the area in question. The location of the ditch in that area thus created a great probability of danger. The department’s failure to properly maintain the area to assure that the presence of the ditch was easily detectable created an even greater probability that the risk would occur. The magnitude of the possible risk is also great because of the size, especially *719 the depth, of the ditch. It is axiomatic that persons can suffer serious injury from falling in a six and one-half foot hole. Thus, the trial court improperly found that the ditch did not create an unreasonable risk of harm.

DOTD’s duty

In her second argument, the plaintiff contests the trial court’s finding that the DOTD had “no duty to protect Gernard Casbon from being injured by falling in the ditch while riding a dirt bike.” Although most of the elements of a cause of action in negligence also apply to strict liability, the duty question arises only in the context of the negligence issue. Generally in a negligence case, the defendant’s duty arises from his knowledge of the existence of the risk and/or his failure to prevent the risk; in a strict liability case, the duty is implied from “the owner’s relationship with and responsibility for the damage causing thing.” Jones, supra, 430 So.2d at 1136.
In Turner v. Louisiana Department of Highways, 319 So.2d 840 (La.App. 1st Cir.1975), the Louisiana Supreme Court determined that the DOTD has a duty under LSA-R.S. 48:1(11) and R.S. 48:21 to maintain drainage outlets, as appurtenances necessary to the highway. The court concluded by stating that “if a person is injured as a result of a failure by the Department to fulfill this duty, the Department will be liable in damages.” Id. at 841. In Turner, the plaintiff was a landowner who claimed that his property had suffered because the DOTD built the drainage outlet without “right or consent.” Id. The DOTD claimed that it had no duty under the statutes to maintain drainage canals and the court rejected that argument. Although different factually from the instant ease, the Turner decision does establish the principle that the DOTD is liable for damages caused by its failure to properly fulfill its duty to maintain drainage outlets.
More generally, the DOTD is also under a duty to properly maintain its property and “that duty extend[s] to protect the people who may foreseeably be placed in danger by an unreasonably dangerous condition.” Sinitiere v. Lavergne, 391 So.2d 821, 825 (La.1980). The foreseeability of the injury to the plaintiff's son in the instant case, and to other similarly situated persons, is discussed at length above. Thus, the trial judge erred when he found that the DOTD was under no duty to protect the plaintiff’s son from the injuries incurred when his dirt bike ran into the ditch.

Notice requirement

LSA-R.S. 9:2800 provides that plaintiff shall not have a cause of action against a “public entity” under La.C.C. art. 2317 unless he proves that the defendant had either actual or constructive notice of the vice or defect which caused the injury. Under this court’s recent decision in Griffin v. City of New Orleans, 533 So.2d 1048 (La.App. 4th Cir.1988), the plaintiff must prove notice under either a strict liability or a negligence theory. The defendant argues that the plaintiff in the instant case failed to prove that element of her cause of action.
We disagree. The presence of the hazard marker at the site of ditch in question demonstrates unequivocally that the DOTD was aware of the dangerous condition of the drainage outlet. That coupled with the testimony that the grass was cut within a couple of days after the accident is sufficient evidence to prove the notice requirement.
For the above and foregoing reasons, the trial court decision dismissing the plaintiff’s cause of action against the DOTD is reversed.

Comparative negligence

Because the trial judge dismissed the plaintiff’s cause of action against the DOTD, he made no finding regarding the comparative negligence of the plaintiff’s son in causing his own injury.
However, our review of the record convinces us that Gernard was comparatively negligent. The evidence establishes that Gernard was travelling at a fairly high rate of speed, between 30 and 40 miles per hour according to his own testimony. Both Ger-nard and Daniel testified that they had never ridden the dirt bike on that side of *720 Judge Perez Highway and that they were unable to see the ground because of the tall grass and weeds. Daniel stated that the ground was somewhat uneven. Additionally, both boys testified that the “trail” they were following was just an area where the grass had been pushed down by someone riding there previously; in Daniel’s words, it had been “ridden on but it wasn’t beaten down like it was ridden on for days and months.” Trial transcript at 160. Thus, the record establishes that the plaintiff’s son was driving a dirt bike at a high rate of speed in an area he had never ridden over where he could not see where he was going. Gernard must have been aware that he would be unable to stop the dirt bike should he encounter an unexpected obstacle of any kind. His decision to ride the dirt bike in the manner that he chose despite the obvious risks constituted comparative negligence. We find that plaintiff’s son was 50 percent comparatively negligent for his injuries. Thus, under the provisions of La.C.C. art. 2323, any recovery established by the plaintiff in the damages portion of the trial must be reduced by one half.

Conclusion

The trial court judgment dismissing plaintiff Rose Casbon Oster’s cause of action against the defendant Louisiana Department of Transportation and Development is reversed and the case is remanded to the trial court for determination of damages consistent with the comparative negligence findings of this court. Costs of this appeal are to be divided equally between the parties.
REVERSED AND REMANDED.